TATE, Justice.
The plaintiff utility (“Louisiana Power”) sought judicial review of an order of the Louisiana Public Service Commission in the district court of the commission’s domicile. A competitor utility cooperative (“the Association”) intervened. Louisiana Power appeals directly to us from a district court judgment affirming the commission’s order. La.Const. of 1974, Art. 4, Section 21(E).
The factual context involves efforts of the two competing utilities to provide services to two adjacent properties along Hollywood Road in Terrebone Parish. Before the events here complained of, each of the utilities had overhead three-phase electric transmissions lines on opposite shoulders of Hollywood Road in the area of the two properties, which had been constructed several years earlier. Louisiana Power furnished electric service to lots east and west of the two properties concerned, while the Association furnished service to one (Pope-Toyota) of the latter properties. (The other was vacant, awaiting construction of a Holiday Inn.)
Before the Commission, the Association sought and obtained an order that Louisiana Power remove an electric transmission line recently[1] constructed across the rear of the Holiday Inn property. (Line A.) Louisiana Power unsuccessfuly sought[2] to prevent the Association from serving the adjacent Pope-Toyota property through a front-lot underground transmission line, which in 1972 had been constructed by the Association to replace a former overhead transmission line. (Line B.)
The district court affirmed the commission’s orders, which (1) ordered the removal of Line A and (2) denied Louisiana Power the relief sought by it with regard to Line B.
The ultimate issues with regard to Lines A and B involve an interpretation of La. R.S. 45:123, as amended by Act. 34 of 1970.
This rather complex and somewhat ambiguous statutory provision, set forth in full in the appendix to this opinion, was designed to regulate to some extent needless duplication of electric service utility facilities and, thus, the consequent greater cost of electricity to customers. Recently, we had occasion to resolve one of its ambiguities. South Louisiana Coop. Association v. Louisiana Public Service Commission, 309 So.2d 287 (La.1975).
As clarified by that decision, we agree with the Commission’s interpretation of that statute, relevant to the present dispute, as providing:
After the 1970 effective date of the statute, no utility shall extend electric service facilities or furnish electric service to any point of actual meter location (“point of connection”) which is within three hundred feet of the electric transmission line of another utility, without the consent of the latter. However, any utility may extend service to unserved points within three hundred feet of its own electric lines in existence on April 1, 1970, or within three hundred feet of electric lines of other utilities not in existence on such date. Further, any line constructed for the principal purpose of pre-empting territory, rather than of furnishing service, is not entitled to recognition as a utility service line[3], at least for the purposes of the act.
Reverting to the present facts: The two properties involved were within *135 three hundred feet of lines of both competing utilities which were in existence on April 1, 1970. Therefore, either of the present two competing utilities, at the customer’s choice, was entitled to furnish electricity to such properties.
With regard to the ultimate issues concerning Lines A and B, we find no reason to reverse the Commission’s factual and legal conclusions.
With regard to Line A, the evidence supports the Commission’s finding that it was built without utilityservice justification merely in an attempt to secure preemptive advantage:
It was built in a half-day, at minimal cost (and can be removed at minimal cost). It does not serve any actual or contracted customer. It has only a single-phase transmission line; whereas at least three-phase service is required for the contemplated Holiday Inn on the property on which the line is built and deadends (on a right of way secured from a previous developer, not from Holiday Inn.) Its apparent purpose was only to supply a cosmetic but non-functional attraction to Louisiana Power’s contemplated bid to Holiday Inn to furnish electric service to it.
Under these circumstances, we do not believe that the Commission’s order to Louisiana Power — to remove this nonfunctional and merely preemptive line — exceeded its constitutionally conferred regulatory powers. The order reasonably effectuated the legislative policy disfavoring needless duplication of electric transmission lines, represented by La.R.S. 45:123 (1970).
With regard to Line B, we find no factual or legal error in the Commission’s finding that the replacement by the Association of an existing pre-1970 overground line by the 1972 underground line did not come within the prohibitory intent of such statute. It was not the construction of a new line into territory already served by the competing utility.
For the reasons assigned, we therefore affirm the judgment of the district court, which affirmed the Commission’s orders.
Affirmed.
Appendix
La.R.S. 45: 123, as amended by act 34 of 1970, provides (italics supplied):
No electric public utility shall construct or extend its facilities, or furnish, or offer to furnish electric service to any point of connection which at the time of the proposed construction, extension, or service is being served by, or which is not being served but is located within 300 feet of an electric line of another electric public utility, except with the consent in writing of such other electric public utility; provided, however, that nothing contained herein shall preclude (a) any electric public utility from extending service to an applicant for service at an unserved point of connection located within 300 feet of an existing electric line of such electric public utility, unless (i) such line was not in operation on April 1, 1970 and (ii) the point of connection is located within 300 feet of an existing electric line, of another electric public utility, which line was in operation on said date, or (b) any electric public utility from extending service to its own property, or to another electric public utility for resale; and provided further that any consumer who feels aggrieved with the electric service being received by him may apply to the Louisiana Public Service Commission for an order directed to his present supplier to show cause why the consumer should not be released from said supplier, and if the commission shall find that the service rendered to such consumer is inadequate and will not be rendered adequate within a reasonable time the release shall be granted.

As used in this section, an ‘electric line’ is a line constructed and operated for the 
*136
transmission and/or distribution of electricity and which was not originally constructed for the principal purpose of preempting territory.

The provisions of this section shall not apply to municipally-owned or operated utilities of the State of Louisiana or to the parish of Orleans. Nothing in R.S. 45:121, 45:123, 45:1161, 45:1175 or R.S. 12:426 shall alter the rights or authority of municipalities with respect to franchises.

. The line was constructed in March, 1974. The Association’s petition with the Commission to remove it was filed in April, 1974.

. By reconventional demand to the Association’s petition (see Footnote 1), filed in May, 1974.

.See the italicized second paragraph of the statute set forth in the appendix.