388 So.2d 792 (1980)
CLAIBORNE ELECTRIC COOPERATIVE, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION et al.
No. 67300.
Supreme Court of Louisiana.
September 3, 1980.
*794 Paul H. Spaht, Kantrow, Spaht, Weaver & Walter, Baton Rouge, W. M. Shaw, Shaw & Shaw, Jenifer W. Clason, Homer, for plaintiff-appellant.
Marshall B. Brinkley, Baton Rouge, for defendant-appellant.
J. Wayne Anderson, Andrew P. Carter, Eugene G. Taggart, Monroe & Lemann, New Orleans, for intervenor-appellee.
WATSON, Justice.
In this territorial dispute between electric utility companies, Claiborne Electric Cooperative appeals from a trial court ruling upholding orders of the Public Service Commission in favor of Louisiana Power and Light Company. The issues relate to the Commission's jurisdiction and the propriety of its ruling.
In July, 1978, L. L. Hollis applied for membership in Claiborne Electric Cooperative and requested that electric service be provided to his residence on Lyons Hill Road outside the Town of Homer, Louisiana. On August 29, 1978, Claiborne began construction of an electrical transmission line to the Hollis residence, which was completed on September 14, 1978. The line was energized on November 2, 1978, and LP & L filed a complaint before the Public Service Commission two weeks later.
LP & L alleged that it owned, maintained and operated a line along Lyons Hill Road which could be used to serve customers in the area and the Hollis residence. LP & L complained that Claiborne's construction was in violation of LSA-R.S. 45:123 and the General Order of the Public Service Commission dated March 12, 1974, "In re: Duplication of Electric Service."
Claiborne filed a motion to dismiss the complaint for lack of jurisdiction, alleging first that the electrical line along Lyons Hill Road claimed by LP & L was actually owned by the Town of Homer, placing the dispute outside the jurisdiction of the Commission. Second, Claiborne contended that Act 77 of 1978 removed electrical cooperatives from the jurisdiction of the Public Service Commission except in cases involving violation of the "300 foot rule" of LSA-R.S. 45:123. Claiborne argued that the "300 foot rule" was not at issue and the Commission lacked jurisdiction.
The Commission denied Claiborne's motion to dismiss and, after a hearing on the merits, ordered that LP & L serve the Hollis residence and that Claiborne dismantle its newly constructed line. Claiborne petitioned the district court for reversal of the Commission's order and a preliminary injunction against its enforcement. The Commission's order was affirmed by the trial court. Claiborne appeals. La.Constitution 1974, Art. 4 § 21(E); LSA-R.S. 45:1192.

THE COMMISSION'S JURISDICTION
The Constitution of 1974 removed municipally owned, operated or regulated electric utilities from Commission jurisdiction absent voter approval. La.Const. 1974, Art. 4 § 21(C). Since the electric line along Lyons Hill Road is municipally owned by the Town of Homer, Claiborne argues that the line and the entire dispute is outside the Commission's jurisdiction. See Louisiana Power & L. Co. v. Louisiana Public Serv. Com'n., 250 La. 596, 197 So.2d 638 (1967).
By contract dated March 15, 1978, the Town of Homer and LP & L agreed that the town's electrical system would be operated by and possibly eventually transferred to LP & L. Pursuant to that agreement, LP & L had the "sole and exclusive right" to "operate and maintain the Distribution System" and to make any additions, improvements, replacements, extensions, and retirements with respect to the system as it considered necessary or desirable. Agreement, 6-7. The agreement also provided that any additions, improvements and replacements made by LP & L to the system would remain the property of LP & L. Agreement, 14-15.
According to the terms of this agreement, any extension constructed by LP & L to serve the Hollis residence would have been the property of LP & L. Had such an extension been wrongfully built, it *795 would have been the responsibility of LP & L to dismantle the line. The Commission could not have ordered the Town of Homer to demolish the construction, for it would not have belonged to the town. The Commission would not be regulating the Town of Homer, by determining whether such a line could or should have been built by LP & L. The Commission is not deprived of jurisdiction over a dispute involving the proposed LP & L line merely because it would tie into a municipally owned facility.
Claiborne's second contention is that the Commission lacks jurisdiction by virtue of Act 77 of 1978. The Act provides in pertinent part:
"Section 1. Section 1163 of Title 45 of the Louisiana Revised Statutes of 1950 is hereby amended and re-enacted to read as follows:
"§ 1163. Power to regulate rates and services; exceptions
"The commission shall exercise all necessary power and authority over any street railway, gas, electric light, heat, power, waterworks, or other local public utility for the purpose of fixing and regulating the rates charged or to be charged by and service furnished by such public utilities; however, no aspect of direct sales of natural gas by natural gas producers, natural gas pipeline companies, natural gas distribution companies, or any other person engaging in the direct sale of natural gas to industrial users for fuel or for utilization in any manufacturing process shall be subject to such regulation by the commission. In addition, a schedule of rates of an electric cooperative shall not require approval of the commission if the schedule previously was approved by the board of directors of the electric cooperative and by the federal government or any agency thereof, nor shall the authority of the commission extend to the service rendered by electric cooperatives except to the extent provided in R.S. 45:123 and in orders of the commission promulgated to effectuate the purposes of R.S. 45:123." (Emphasis added)
Claiborne argues that this Act legislatively removes the authority of the Commission to regulate the service rendered by electric cooperatives except as provided in LSA-R.S. 45:123[1] and orders of the Commission specifically enforcing that statute. Claiborne claims that there was no violation of the statute or of any Commission order specifically enforcing it, and the Commission therefore lacked jurisdiction.
However, an exception in Act 77 of 1978 allows the Commission to retain jurisdiction *796 over electric cooperatives "to the extent provided in R.S. 45:123 and in orders of the Commission promulgated to effectuate the purposes of R.S. 45:123." (Emphasis added) The purpose of LSA-R.S. 45:123 is, as stated by the Legislature:
"To amend and re-enact ... Section 123 of Title 45 ... relative to stabilizing the service practices of electric public utilities, including electric cooperatives, and to regulate the extension and construction of facilities for the furnishing of electric service; ..." (Acts, 1970 No. 34)
The statute was designed to avoid the needless duplication of electric facilities. Cent. La. Elec. Co. v. La. Public Serv. Com'n., 344 So.2d 1046 (La., 1977); Louisiana Power and L. Co. v. Louisiana Pub. Serv. Com'n., 322 So.2d 133 (La., 1975). The General Order of March 12, 1974, entitled "In Re Duplication of Service" is "an order promulgated to effectuate the purposes of R.S. 45:123"; this proceeding involves a violation of that General Order; and the Commission therefore has jurisdiction.
The "300 foot rule" enunciated in LSA-R.S. 45:123 is merely one way of effectuating the general statutory purpose. The General Order of March 12, 1974, was issued to achieve the same end. In LSA-R.S. 45:123, the legislature announced one test of duplicative electrical facilities, i. e., construction within 300 feet of another utility's electric line. In the General Order, the Commission addressed broader aspects of the same issue. It ordered:
"That no extension of electric transmission or distribution lines shall be made by an electric public utility that will duplicate the transmission and distribution lines ... of another like utility, nor shall extensions be made to serve customers that could be served from such electric public facilities already in existence in an economic and justifiable manner."
Therefore, this case does not come within the exceptions listed in Act 77 of 1978 and that Act does not deprive the Commission of jurisdiction.[2]

MERITS
Claiborne argues that there was insufficient evidence to support the factual determination of the Commission that it violated the 300 foot rule of LSA-R.S. 45:123 or that it violated the General Order either by duplicating existing lines or by making an extension to serve a customer who could be served by existing LP & L facilities.
Claiborne is correct that no showing was made of violation of the 300 foot rule. The utility line nearest the Hollis property (prior to the construction of the extension by Claiborne) was the town-owned, LP & L operated line 713 feet away. Therefore, Claiborne was not in violation of LSA-R.S. 45:123 when it constructed a line to serve the Hollis residence.
However, there is some evidence in the record that LP & L could have provided electrical service to the Hollis residence economically and justifiably by the use of existing facilities. In addition to the town-owned, LP & L operated line 713 feet from the Hollis residence, there was also an LP & L owned and operated line 1,848 feet from the home. The line constructed by Claiborne extended 3,494 feet. Although Claiborne attempted to show that because of heavily wooded areas around the Hollis residence, shorter lines might have been more expensive to build than longer ones, that evidence was not convincing to the Commission.
*797 Orders of the Commission are entitled to great weight and are presumed to be valid. Judicial review considers whether they are arbitrary and capricious or show an abuse of authority. La. Power & Light Co. v. La. Public Serv. Com'n., 343 So.2d 1040 (La., 1977); Louisiana Oil. Car. Ass'n, Inc. v. Louisiana P. S. Com'n, 281 So.2d 698 (La., 1973). Claiborne, the party attacking the Commission order, bears the burden of demonstrating that it is defective. Menochem, Inc. v. Louisiana Public Service Com'n, 253 La. 1047, 221 So.2d 504 (1969). Claiborne has failed to carry this burden.
Finally, Claiborne contends that the copy of the Commission's order served upon it was not signed by a majority of the Commission as required by the Commission's own rules. A photocopy of the order as served shows the symbol "s/" followed by the typewritten name of the third commissioner to vote in favor of the order. However, a certified copy of the original shows the commissioner's signature rather than a typewritten name. Although it would have been preferable for the Commission to have served upon Claiborne a copy of the order as signed rather than a copy on which a commissioner's name had been typed, this technical violation of the Commission's rules does not warrant invalidation of the order.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 45:123, sometimes referred to as the "300 foot rule", prohibits one utility from constructing or extending its lines to a customer when another utility has a line within 300 feet of the customer's point of connection. It provides:

"No electric public utility shall construct or extend its facilities, or furnish, or offer to furnish electric service to any point of connection which at the time of the proposed construction, extension, or service is being served by, or which is not being served but is located within 300 feet of an electric line of another electric public utility, except with the consent in writing of such other electric public utility; provided, however, that nothing contained herein shall preclude (a) any electric public utility from extending service to an applicant for service at an unserved point of connection located within 300 feet of an existing electric line of such electric public utility, unless (i) such line was not in operation on April 1, 1970 and (ii) the point of connection is located within 300 feet of an existing electric line, of another electric public utility, which line was in operation on said date, or (b) any electric public utility from extending service to its own property, or to another electric public utility for resale; and provided further that any consumer who feels aggrieved with the electric service being received by him may apply to the Louisiana Public Service Commission for an order directed to his present supplier to show cause why the consumer should not be released from said supplier, and if the commission shall find that the service rendered to such consumer is inadequate and will not be rendered adequate within a reasonable time the release shall be granted.
"As used in this section, an `electric line' is a line constructed and operated for the transmission and/or distribution of electricity and which was not originally constructed for the principal purpose of preempting territory.
"The provisions of this section shall not apply to municipally-owned or operated utilities of the State of Louisiana or to the parish of Orleans. Nothing in R.S. 45:121, 45:123, 45:1161, 45:1175 or R.S. 12:426 shall alter the rights or authority of municipalities with respect to franchises."
[2] This finding is in accord with that of the trial judge that the General Order was intended to promote the purposes of LSA-R.S. 45:123. However, the trial judge also concluded that Act 77 of 1978 did not deprive the Commission of jurisdiction for two other reasons. First, he found that the Act was unconstitutional as violative of the Title-Body Clause, La.Const. 1974, Art. 3 § 15(A). Second, he found that the Act was inapplicable because it did not become effective until after Claiborne commenced construction of the allegedly offending line. Because we find that even if the Act were in effect, it would not deprive the Commission of jurisdiction over this matter, we need not address these issues. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936); Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); State v. Stripling, 354 So.2d 1297 (La.1978).