147 So.2d 390

SAIA MOTOR FREIGHT LINE, INC., et al.

v.

LOUISIANA PUBLIC SERVICE
COMMISSION et al.

No. 46177.

Dec. 10, 1962.

O'Neal & Waitz, Joseph L. Waitz, Houma, for plaintiffs-appellants.

Joseph H. Kavanaugh, Baton Rouge, for defendants-appellees.

HAMITER, Justice.

Saia Motor Freight Line, Inc. (referred to hereinafter as Saia), a common carrier of general commodities, holds certificates issued by the Louisiana Public Service Commission authorizing it to operate in portions of southwest Louisiana. In December, 1959 it, together with Mrs. Amaze Viator Barras (from whom some of such certificates were leased), applied to the Commission for authority to extend its operations to certain highways and roads, located to the south of its existing routes, for the serving of which the Cameron Freight Line, Inc. (termed Cameron hereinafter) presently holds certificates of convenience and necessity. About the same time other licensed carriers also filed applications seeking to extend their respective services into that area. All of the mentioned applications were, by consent, consolidated for the purpose of taking testimony and for their consideration by the Commission.

Following a hearing, the Commission issued Order No. 8088 relative to the application of Saia (in which Mrs. Barras had joined) wherein it concluded and ruled that: "* * * public convenience and necessity did not require the proposed service, except that part which would include service to the Goliad plant near Cow Island, and that service should be authorized to applicant herein to serve the Goliad plant only, with no service to points intermediate between this plant and applicant's present route." Thereupon, Saia and Mrs. Barras filed the instant suit to obtain a reversal of that part of the order denying their requested extension.

In the district court the case was submitted on the testimony elicited before the Commission, and ultimately the judge affirmed the order complained of. From the judgment plaintiffs appealed. (When the case was argued here we were informed by plaintiffs' counsel that orders similar to Number 8088 were issued in connection with all of the other consolidated applications, but that Saia and Mrs. Barras alone sought a judicial review.)

The law primarily affecting the disposition of this matter is stated in LRS 45:164 as follows: "No motor carrier shall operate as a common carrier without first having obtained from the commission a certificate of public convenience and necessity * * *. *No new or additional certificate shall be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby.*" (Italics ours.)

■    Applicable here also is the legal principle that a ruling of the Commission should be accorded great weight and will not be disturbed unless it is plainly contrary to the evidence and constitutes an abuse of the discretionary power vested in the Commission.   Burke v. Louisiana Public Service Commission et al., 215 La. 451, 40 So.2d 916, Illinois Central Railroad Company v. Louisiana Public Service Commission et al., 224 La. 279, 69 So.2d 43, and Rubion Transfer and Storage Company, Inc. v. Louisiana Public Service Commission, 240 La. 440, 123 So.2d 880.

· The principal question for our consideration herein, therefore, is whether the plaintiffs *clearly* demonstrated before the Commission that the public convenience and necessity would be *materially* promoted by granting the *additional* certificate applied for by them to operate over routes already serviced by Cameron.

In order to discharge the burden which was theirs the plaintiffs offered the testimony of fifteen witnesses who engaged in business in the area proposed to be served. We have carefully studied such evidence and have concluded, as did the trial judge, that it is "most unimpressive".   Virtually all of it amounts to nothing more than conclusions and self-serving declarations of the mentioned witnesses who, in the main, said merely that the additional service in the area is needed.   Not one of them testified as to the amount or character of the freight transported for him in the past or which was expected to be carried in the future.

Some (not more than two) did testify that they had used their own vehicles to ship and receive goods necessary in conducting their businesses; however, none said that this was done because of the failure, refusal or inability of Cameron to handle his freight.   Nor did anyone say that Cameron's facilities were inadequate to properly service the area.

It is true that two witnesses stated that they had no motor freight service available. However, such statements obviously were made in error because it was conceded in oral argument here (and found to be a fact by the district court) that the permit of Cameron covers and affects the same routes over which Saia sought to extend its operations.

■    The plaintiffs rely heavily on the fact that neither Cameron nor any other carrier opposed their application.   However, the record clearly discloses that no such opposition was made because of a prior agreement entered into by all of the applicants in the consolidated cases (including Cameron) that none would be offered.   Indubitably an agreement of that kind cannot serve as a substitute for the proof required by LRS 45:164 or to contravene the Commission's right and duty to grant or refuse a permit in keeping with the law.

After our thorough study of the record we agree with the observation of the district judge in his written reasons for judgment that " * * * it is an understatement to say that there was no proof that public convenience and necessity would be materially promoted in the area applied for by appellants." Consequently, we conclude, as he did, that the plaintiffs failed to sustain the burden of proof imposed by law on them.

For the reasons assigned the judgment of the district court, sustaining Order No. 8088 of the Louisiana Public Service Commission, is affirmed.

FOURNET, C. J., takes no part.