268 So.2d 666

**TRUCK SERVICE, INC., Plaintiff-Appellee,**

v.

**The LOUISIANA PUBLIC SERVICE COMMISSION, Defendant-Appellant,**

**A–1 Equipment Rentals, Inc., Intervenor-Appellant.**

**No. 52406.**

Nov. 6, 1972.

D'Amico, Curet & Bush, Bryan E. Bush, Jr., Baton Rouge, for intervenor-appellant.

Marshall B. Brinkley, Baton Rouge, for defendant-appellant.

Breazeale, Sachse & Wilson, John B. Noland, Baton Rouge, for plaintiff-appellee.

TATE, Justice.

The plaintiff ("Truck Service") files judicial proceedings to question the issuance of a certificate of public convenience and necessity to another carrier. La.Const. Art. VI, Section 5. This other carrier ("A-1 Equipment") intervened. The intervenor and the Commission appeal from a judgment of the trial court annulling the certificate issued to A-1 Equipment.

The basic facts adduced at the Commission hearings show:

Truck Service's predecessor corporation was granted a certificate by the Commission in 1959 which permitted it to haul, inter alia, bauxite ore between East Baton Rouge Parish and Ascension Parish. In 1966, this permit was transferred to Truck Service, which acquired the assets of the predecessor corporation.

During this entire time and up to the Commission hearings in 1971, Truck Service had hauled bauxite ore only once. This was in 1959 or 1960, on which occasion it had performed its work through a hauling subcontract executed by A-1 Equipment, the present applicant for another certificate.

The evidence shows, however, that this was the only intrastate hauling of bauxite ore during this period. A new need for such intrastate hauling has just developed because of the sale of large quantities of bauxite from government stockpiles in Baton Rouge.

A-1 Equipment is a holder of an interstate certificate to haul bauxite ore. Pursuant to this permit, it has engaged in extensive interstate bauxite hauling with shippers in Baton Rouge and Ascension Parishes. In 1971 it applied to the state's Commission for an additional permit to haul bauxite ore intrastate.

At the hearings, A-1 Equipment produced substantial evidence that it is well equipped to perform intrastate bauxite hauling. It also produced a shipper witness who testified, generally, that A-1 Equipment could perform such intrastate hauling and that Truck Service could not. (By stipulation, it is conceded that only Truck Service and—if the issuance is here sustained—A-1 Equipment have the only common carrier certificates from the Commission authorizing the intrastate hauling of bauxite ore.)

At the Commission hearings, Truck Service opposed the issuance of a competing certificate to A-1 Equipment. Its opposition and its present application for judicial review is founded upon the provision of La.R.S. 45:164 that: " * * * No new or additional certificate shall be granted over a route where there is an existing

certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby. * * * "

The principles are well settled for judicial review of Commission orders granting certificates of public convenience and necessity under this provision:

■■ The applicant has the burden of clearly showing that the public convenience and necessity would be materially promoted by the issuance of a certificate to it. Hearin Tank Lines, Inc. v. Louisiana Public Service Commission, 247 La. 826, 174 So.2d 644 (1965); Saia Motor Freight Line v. Louisiana Public Service Commission, 243 La. 787, 147 So.2d 390 (1962); Herrin Transportation Co. v. Louisiana Public Service Commission, 241 La. 174, 127 So.2d 541 (1961). A ruling of the Commission granting or denying a new certificate must be supported by some factual evidence, in the absence of which the order is deemed unreasonable, arbitrary, and unwarranted. Louisiana Gas Service Co. v. Louisiana Public Service Commission, 256 La. 536, 237 So.2d 369 (1970); Texas & N. O. R. Co. v. Louisiana Public Service Commission, 235 La. 973, 106 So. 2d 438 (1958).

■■ On the other hand, when there is some evidence upon which the Commission could reasonably base its determination, then the usual rule applies that the orders of the Commission and of other adminis-trative bodies exercising discretionary authority are accorded great weight and will not be overturned in the absence of a showing that the administrative action is arbitrary and capricious. Hearin Tank Lines, Inc. v. Louisiana Public Service Commission, 247 La. 826, 174 So.2d 644 (1965). As there stated, 174 So.2d 646– 647: " * * *, if the applicant adduces evidence before the commission which clearly shows that the public convenience and necessity would be materially promoted by the issuance of the certificate, it is immaterial whether the evidence making this clear showing is termed 'adequate' or is termed 'substantial'."

In annulling the order of the Commission, the district court held that *no* evidence was introduced at the Commission hearings to prove that Truck Service was not fully capable of hauling bauxite as now needed. Thus, the trial court held, there was no proof that hauling services provided through an additional certificate would materially promote the public convenience and necessity.

In so holding, the trial court discounted the testimony of the purchasing agent of the shippers, who testified that Truck Service was not equipped to perform the total scope of the work involved in intrastate hauling of massive quantities of bauxite per government specifications from the Baton Rouge to the Ascension sites, a new contract for which had just been

awarded. This witness was equally positive that A–1 Equipment could perform this massive *intra*state bauxite hauling, on the basis of its past performance of extensive *inter*state hauling.

The trial court discounted this shipper's testimony because, under cross-examination, he admitted that he had no facts based on *"past performance"*, to judge Truck Service's capacity to perform the work. The witness, however, explained that he had no basis "on past performance" to judge of Truck Service's ability to perform intrastate bauxite services now needed, simply because Truck Service had never engaged in any bauxite hauling to his knowledge. This witness also testified that, when Truck Service had entered a bid to perform the present massive intrastate hauling, he had not accepted it, based upon his analysis of source information in connection with the evaluation of competing bids by A–1 Equipment and Truck Service.

In our opinion, in overturning the Commission order our trial brother overlooked the totality of the shippers' purchasing agent's testimony, as well as reasonable factual inferences the Commission could draw from other factual evidence before it.

■ We reverse, because we are unable to say that the Commission erred in holding that, by the evidence before it, it was "clearly shown that the *public* convenience

and necessity would be materially promoted" by the issuance of the certificate to A–1 Equipment, La.R.S. 45:164. The following evidence before the Commission supplies a reasonable factual basis for the Commission's holding to such effect:

1. Although Truck Service and its predecessor had held a certificate to haul bauxite since 1959, it had in fact only exercised its rights under the certificate once (in about 1960), and *then* it had utilized the services and equipment of the present applicant, A–1 Equipment, through a sub-contract. Truck Service had not engaged in the extensive *inter*state bauxite hauling which in recent years had occurred in East Baton Rouge and Ascension Parishes.

2. The officers of Truck Service admitted that, while their firm owned some 25 trucks or so, they did not presently own the dragline, bulldozers, and front-end loaders needed to perform the needed bauxite hauling. Further, in the list of Truck Service's equipment filed with the Commission at the hearing, only 4 of the 25 trucks were of models later than 1967.

3. Although the Truck Service officers testified that they would buy or lease the additional equipment needed to perform bauxite hauling, their balance sheet filed in the Commission hearing showed only $150 cash on hand, with (in round figures) accounts ($81,000) and notes payable ($38,000) amounting to $119,000. Truck

Service listed its accounts receivable at $85,000 and other credits claimable at $23,000, with the net value of its fixed assets being valued at $56,000 (being mostly the depreciated value of its trucks and trailers). Although Truck Service had offered to secure a performance bond, it was open to the Commission to question Truck Service's ability to rent or secure economically the expensive additional equipment needed to perform bauxite hauling.

4. A-1 Equipment has a field office located in Ascension Parish near the point of terminal for bauxite hauling, and in fact A-1 Equipment has engaged and is engaging in *inter*state bauxite hauling operations for the same shippers in Ascension Parish that desire the complementary service of the *intra*state shipping by their interstate hauler. Cf., Truck Service, Inc. v. Louisiana Public Service Commission, 256 La. 343, 236 So.2d 491 (1970).

5. The testimony as a whole of the shippers' purchasing agent that Truck Service was not equipped to perform the total contract, based also upon his check of source information in connection with evaluating competitive bids, could be deemed corroborated by reasonable factual inferences drawn from this other evidence in the record.

■■ Since at the Commission hearing some evidence was introduced by reason of which the Commission could reasonably find that "the *public* convenience and necessity would be materially promoted", La. R.S. 45:164, by the issuance of the certificate to A-1 Equipment, we are unable to say that the determination of the Commission should be annulled on judicial review. The orders and findings of the Commission are entitled to great weight; they will not be overturned by the courts in the absence of a clear showing of abuse of power. Southern Pacific Transportation Co. v. Louisiana Public Service Commission, 262 La. 391, 263 So.2d 333 (1972). Further, as reiterated in Rubion Transfer and Storage Co. v. Louisiana Public Service Commission, 240 La. 440, 123 So.2d 880, 884 (1960): " * * * Whenever the Public Service Commission, in the issuing of an order, has acted within its power, and not arbitrarily or grossly contrary to the evidence, and when no error of law has been committed, the court must not substitute its judgment for that of the commission, or consider the expediency or wisdom of the order, or say whether on like evidence the court would have made a similar ruling."

Accordingly, the judgment of the district court annulling the Commission order granting the certificate to A-1 Equipment Rentals, Inc. is reversed; and this suit is dismissed at the cost of Truck Service, Inc., plaintiff-appellee.

Reversed and dismissed.