281 So.2d 698 (1973)
LOUISIANA OILFIELD CARRIERS ASSOCIATION, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 52880.
Supreme Court of Louisiana.
August 20, 1973.
Harold R. Ainsworth, New Orleans, for plaintiff-appellee.
Guillory, McGee & Mayeux, Donald L. Mayeux, Robert K. Guillory, Eunice, Charles H. Finley, Lafayette, Marshal Brinkley, Baton Rouge, for defendant-appellant.
SANDERS, Chief Justice.
This matter is before us on appeal by Louisiana Public Service Commission from *699 a judgment of the district court setting aside Order No. 10,625 of the Commission, granting Joseph E. Guidry a limited certificate of public convenience and necessity to haul oilfield equipment and supplies by motor vehicle.
The facts pertinent to the appeal are these:
Since 1963, Joseph E. Guidry has been in the "hot shot" hauling business, providing fast truck delivery service for small shipments of oilfield, gasfield, pipeline, and refinery equipment and supplies in and around Lafayette. Such shipments consist of no more than 1,500 pounds. Guidry worked for Younger Brothers, J. C. Duke, and Howard Trucking Companies. In 1966, Guidry purchased his own trucks and equipment and leased them to these carriers.
On May 1, 1970, he entered into a contract with Howard Trucking Company, whereby Howard Trucking leased Guidry's trucks. Guidry provided "hot shot" service and received seventy-five (75%) per cent of the revenue. Twenty-five (25%) of the revenue was retained by Howard Trucking for the use of its permit, cost of insurance, and paper work.
In July, 1970, Guidry applied to the Louisiana Public Service Commission for a certificate of public convenience and necessity. The application was opposed by Louisiana Oilfield Carriers Inc. and other motor carriers. The Commission granted a limited certificate, authorizing the following:
"Transportation by motor vehicle of all oilfield, gasfield, pipeline and refinery materials, equipment and supplies with the restriction that such shipments are to be limited to six (6') feet in length, four (4') feet in height, and four (4') feet in width, with the exception of pipe, which will be limited to eighteen (18') feet in length, and to be limited to not more than fifteen hundred pounds (1,500 lbs.) in any one shipment or truck and to emergency shipments only, over irregular routes, Statewide, with the restriction that all shipments must either originate in or be destined to Lafayette Parish, Louisiana; with the further restriction that the operation authorized will be conducted on an irregular route, unscheduled, call and demand basis; there will be no regularity of service maintained between the two points authorized to be served. Regular route common carrier package express service is prohibited."
An appeal was taken to the Nineteenth Judicial District Court for East Baton Rouge Parish from the order of the Commission. The district court set aside the order, rendering judgment against the Louisiana Public Service Commission and intervenor Guidry.
In this appeal to this Court, the Commission and intervenor Guidry attack the judgment of the district court on the following grounds:
"(1) The district court erred in failing to give the decision of the commission great weight when there was some evidence upon which the commission could reasonably base its determination with respect to the application for certificate of public convenience and necessity and further erred in finding that the commission's action was arbitrary and capricious.
"(2) The district court erred in holding that the evidence presented did not clearly show that the public convenience and necessity would be materially promoted by the issuance of a certificate to Guidry."
The Louisiana Oil Field Carriers Association asserts that the order of the Louisiana Public Service Commission was correctly reversed by the district court, in that the order was arbitrary and founded on no substantial evidence.
The question presented is whether the district court properly set aside the order *700 of the Louisiana Public Service Commission, granting the certificate of public convenience and necessity.
Orders of the Public Service Commission are entitled to great weight and are not to be overturned by a court unless shown to be arbitrary, capricious, or abusive of the Commission's authority. La.Const. Art. 6, Sections 4-5; Truck Service Inc. v. Louisiana Public Service Commission, 263 La. 588, 268 So.2d 666 (1972); Hendrix v. Louisiana Public Service Commission, 262 La. 420, 263 So.2d 343 (1972); Central Louisiana Telephone Co. v. Louisiana Public Service Commission, 262 La. 819, 264 So.2d 905 (1972); Texas and Pacific Railway Co. v. Louisiana Public Service Commission, 240 La. 669, 124 So.2d 902 (1960).
A presumption exists that the orders of the Public Service Commission are legal. Monochem Inc. v. Louisiana Public Service Commission, 253 La. 1047, 221 So.2d 504 (1969). Hence, the burden rests upon the person attacking an order of the Commission to demonstrate that it is defective. Monochem Inc. v. Louisiana Public Service Commission, supra.
A primary function of the Commission is to control certificates of public convenience and necessity. The criterion for issuance of such a certificate is set forth in LSA-R.S. 45:164, providing:
"* * * No new or additional certificate shall be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby. * * *"
In Truck Service Inc. v. Louisiana Public Service Commission, supra, this Court stated:
"* * * [I]f the applicant adduces evidence before the commission which clearly shows that the public convenience and necessity would be materially promoted by the issuance of the certificate, it is immaterial whether the evidence making this clear showing is termed `adequate' or is termed `substantial'".
See also Hearin Tank Lines Inc. v. Louisiana Public Service Commission, 247 La. 826, 174 So.2d 644 (1965).
In annulling the order of the Commission, the district court held: "The evidence presented in this case gives no clear showing that the public would benefit by an additional carrier."
In so doing, the trial court overlooked numerous responses of witnesses, that some large truck lines do not provide "hot shot" service and that the service supplied by those that do is inadequate because of scarcity of trucks, failure to respond to telephone calls, inexperienced personnel, unequipped trucks, and terminals located too far from Lafayette to provide the emergency service identified with this type of certificate.
Moreover, there was testimony that the Guidry service was needed because it was readily available on a 24-hour, year-round basis for emergency deliveries in and around Lafayette.
Thus, the record contains substantial evidence supporting the Commission's order. The opponents, in our opinion, have failed to discharge their burden of demonstrating that the action of the Commission was arbitrary and capricious.
For the reasons assigned, the judgment of the district court is reversed, the order of the Louisiana Public Service is reinstated, and plaintiffs' suit is dismissed at their costs.