MARCUS, Justice.
A. E. Gravois & Sons applied to the Louisiana Public Service Commission for a contract carrier permit authorizing the transportation by motor vehicle of raw sugar in bulk for Southdown Sugars, Inc. over irregular routes in the Parishes of Terrebonne, Lafourche, St. James and St. John the Baptist, Louisiana. Oppositions were filed by Rudy Fogleman Truck Line, Inc. and Southern Sugar Transport, Inc. A public hearing was held before the Public Service Commission. Gravois amended its application to restrict the requested authorized area of transportation to points of origin west of the Mississippi River. When this amendment was made, Fogle-man withdrew its opposition to the application. After the hearing, wherein evidence was adduced, the Commission issued Gra-vois a contract carrier permit to transport raw sugar in bulk for Southdown Sugars, Inc. over irregular routes in the Parishes of Terrebonne, Lafourche, St. James and St. John the Baptist, with the restriction that the transportation be limited to origins west of the Mississippi River. Plaintiff, Southern Sugar Transport, Inc., filed suit in the Nineteenth Judicial District Court against defendant, Louisiana Public Service Commission, seeking reversal of the Commission’s order. A. E. Gravois & Sons intervened in these proceedings. The district court affirmed the Commission’s order. Plaintiff appealed from this judgment.
The Public Service Commission’s statutory authority for the issuance of certificates of public convenience and necessity and contract carrier permits, and the standards for their issuance, are set forth in La.R.S. 45:164:
No motor carrier shall operate as a common carrier without first having obtained from the commission a certificate of public convenience and necessity, which shall be issued only after a written application made and filed, a public hearing, due notice given to applicant and all competing common carriers, and a finding by the commission that public convenience and necessity require the issuance of a certificate. No new or additional certificate shall be granted over a route where there is an existing certificate, unless it be' clearly shown that the public convenience and necessity would be materially promoted thereby.
No motor carrier shall operate as a contract carrier without having had a public hearing and obtained from the commission a permit to do so, which permit shall not be issued unless in the public interest and until the applicant shall have complied with the requirements of R.S. 45:161 through R.S. 45:172.
The Public Service Commission, pursuant to this provision, is authorized to issue a contract carrier’s permit when to do- so would be “in the public interest.” The statute seems to impose a greater burden of proof upon applicants for certificates of public convenience and necessity,[1] *437 who must also show that the public convenience and necessity would be materially promoted by the issuance of a new or additional certificate under a route where there is an existing certificate. Since Gravois applied for a contract carrier permit, this additional showing need not be made. However, Gravois has the burden of showing that the issuance of a contract carrier permit is “in the public interest.”
Prior decisions of this court have delineated the scope of judicial review of orders granting or refusing certificates of public convenience and necessity. We believe that these cases are applicable to the review of orders granting or refusing contract carrier permits. It is settled that, upon judicial review, a court must not overturn an order of the Commission granting or refusing a certificate unless it is shown that its action was arbitrary and capricious. Hearin Tank Lines, Inc. v. Louisiana Public Service Commission, 247 La. 826, 174 So.2d 644 (1965). When there is some evidence upon which the Commission could reasonably base its determination, its order is not to be disturbed. Truck Service, Inc. v. Louisiana Public Service Commission, 263 La. 588, 268 So.2d 666 (1972).
At the hearing before the Commission, Ernest A. Gravois, a partner of A. E. Gravois & Sons, testified that his business was located in Vacherie and had, since 1972, been hauling raw sugar for South-down Sugars, Inc. from the latter’s raw sugar mills in Thibodaux and Vacherie to its refinery in Houma. In 1972, Gravois operated under a permit issued to LeBouef Truck Line, and in 1973, under a permit held by Rudy Fogleman Truck Line. In 1973, Gravois purchased from Fogleman all of its equipment for hauling raw sugar. Mr. Gravois further testified that Fogle-man indicated that he would no longer haul raw sugar for Southdown. There is further testimony in the record to the effect that LeBouef had sold its business. Hence, no duplication of existing service will result from the issuance of the permit at issue.
Furthermore, Gravois operates in close proximity to Southdown’s raw sugar mills and refinery, all of which are located within the territory covered by the permit. While plaintiff holds a certificate of public convenience and necessity and has the apparent capacity to haul raw sugar, it is located at Plaquemine in Iberville Parish and does not presently haul raw sugar in any of the parishes in which Gravois was granted a permit. Mr. Herbert C. Vaccarro of Southdown Sugars, Inc. testified at the hearing that his company had limited storage facilities and thus requires sugar to be hauled at irregular intervals during its operation (sometimes on one, two or three shifts). Therefore, it was important that transportation facilities be located nearby. He further testified that Southdown has used sugar haulers located in the immediate vicinity for twenty-five years. Fogle-mau’s withdrawal from the sugar hauling business leaves the company with no local carrier other than Gravois. Finally, Mr. Vaccarro stated that he had been satisfied with Gravois’ performance under the Le-Bouef and Fogleman permits, that its equipment would fulfill Southdown’s needs, and that Southdown supported its application.
In our view, the record fully supports the Commission’s finding that the issuance of a contract carrier permit to A. E. Gravois & Sons was “in the public interest.” Gravois has clearly met its burden of proof. Therefore, since orders of the Commission are to be accorded great *438 weight by the courts and since there is no showing that the Commission acted arbitrarily or capriciously in this instance, we shall not disturb the judgment of the district court affirming the Commission’s order.
DECREE
For the reasons assigned, the judgment appealed from is affirmed; plaintiff is to pay all costs.

. A certificate of public convenience and necessity is issued to a “common carrier by motor vehicle,” which is defined in La.R.S. 46:162 (4) as any person, the essential nature of whose business comprises engaging in, soliciting or accepting persons or property for transportation for hire, charge, or compensation as an employment or holding himself out as so available to the public generally and indiscriminately for such business, whether or *437 not the business is conducted over a regular route, between fixed termini, within a defined area, or upon a regular or irregular schedule. A contract carrier permit is issued to a “contract carrier by motor vehicle,” which is defined in part as any person who transports passengers or property by vehicle for compensation or hire under special and individual contracts or agreements. La.R.S. 45:162(5).