396 So.2d 1265 (1981)
DREHER CONTRACTING & EQUIPMENT RENTAL, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 80-CA-2407.
Supreme Court of Louisiana.
April 6, 1981.
Adcock, Dupree & Shows, Jeff Hughes, Herschell C. Adcock, Baton Rouge, for plaintiff-appellant.
Marshall B. Brinkley, Baton Rouge, for defendant-appellee.
Charles H. Ryan, Janet Boles Chambers, Boles & Mounger, Baton Rouge, for intervenor-appellee.
MARCUS, Justice.
This case involves the Louisiana Public Service Commission's grant of a certificate of public convenience and necessity to Loyd Brown, d/b/a Brown's Vacuum Truck Service, authorizing him to transport fresh water and salt water (special commodities) by motor vehicle over irregular routes within Union and Ouachita Parishes.
An application for the aforesaid certificate was filed by Brown with the Commission on July 24, 1979. After publication of notice for hearing by the Commission, an opposition and protest was filed by Dreher Contracting & Equipment Rental, Inc., which had been granted a similar certificate for Union, Ouachita and Morehouse Parishes *1266 two years before. A hearing was held before an examiner on October 31, 1979. The application was considered at an open session of the Commission held January 21, 1980. The Commission found that in view of the evidence present in the record, "the public convenience and necessity require, and would be materially promoted by the granting of the authority sought." Accordingly, the application was approved conditioned upon grantee's compliance with the "laws and rules and regulations of the Commission bearing thereon." The order of the Commission was dated February 1, 1980.
After the order became effective, Dreher, pursuant to La.R.S. 45:1192,[1] filed a petition in the district court setting forth its cause of objection to the order of the Commission. The petition alleged that the decision of the Commission was arbitrary and capricious and that no showing was made that the public convenience and necessity would be materially promoted by the granting of this certificate. The Commission answered generally denying the allegations of the petition. Brown intervened uniting with the Commission in resisting Dreher's action. After a hearing, the district judge, finding "some factual evidence" to support the Commission's finding that the public convenience and necessity would be promoted by granting the certificate to Brown, affirmed the order of the Commission. Dreher appealed to this court pursuant to La.Const. Art. 4, § 21(E).[2]
On appeal to this court, Dreher contends that the district court erred in holding that the scope of judicial review of an order of the Commission requires only a finding that some evidence was presented which supported the Commission's issuance of the order and further that the evidence presented in this case did not support the Commission's granting of the certificate.
La.R.S. 45:164 provides in pertinent part:
No motor carrier shall operate as a common carrier without first having obtained from the commission a certificate of public convenience and necessity, which shall be issued only after a written application made and filed, a public hearing, due notice given to applicant and all competing common carriers, and a finding by the commission that public convenience and necessity require the issuance of a certificate. No new or additional certificate shall be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby.
The principles are well settled for judicial review of Commission orders granting certificates of public convenience and necessity under this provision. The applicant has the burden of clearly showing that the public convenience and necessity would be materially promoted by the issuance of a certificate to it. Truck Service, Inc. v. Louisiana Public Service Commission, 263 La. 588, 268 So.2d 666 (1972); Hearin Tank Lines, Inc. v. Louisiana Public Service Commission, 247 La. 826, 174 So.2d 644 (1965); Saia Motor Freight Line v. Louisiana Public Service Commission, 243 La. 787, 147 So.2d *1267 390 (1962). The orders of the Commission and of other administrative bodies exercising discretionary authority are accorded great weight and will not be overturned in the absence of a showing that the administrative action is arbitrary and capricious. Truck Service, Inc. v. Louisiana Public Service Commission, supra; Hearin Tank Lines, Inc. v. Louisiana Public Service Commission, supra. A ruling of the Commission may not be deemed arbitrary unless it is shown that it is not supported by some factual evidence. Beauregard Electric Cooperative, Inc. v. Louisiana Public Service Commission, 378 So.2d 404 (La.1979); B & M Trucking, Inc. v. Louisiana Public Service Commission, 353 So.2d 1323 (La.1977); Truck Service, Inc. v. Louisiana Public Service Commission, supra. In other words, upon judicial review a court will not upset orders such as the one in this case unless after looking at the evidence it concludes that the Commission could not have reasonably concluded that there had been a clear showing that the public convenience and necessity would be materially promoted thereby, and that the Commission's action was therefore arbitrary and capricious and a clear abuse of its power. B & M Trucking, Inc. v. Louisiana Public Service Commission, supra; Hearin Tank Lines, Inc. v. Louisiana Public Service Commission, supra.
The record reflects that Brown had been involved in hauling fresh and salt water used in oil and gas well drilling operations in Union and Ouachita Parishes for approximately five years prior to the hearing without having obtained a certificate. His operation was based in Sterlington in Union Parish. His equipment consisted of two vacuum trucks and one tank truck, and he employed four full-time employees. Brown had never been cited by the Commission for unauthorized transportation. Dreher, which had been issued a permit by the Commission about two years earlier, had seven vacuum tank trucks, employed fourteen persons, and serviced customers in Ouachita, Morehouse and Union Parishes. Murphy Dreher testified that he had properly serviced customers in Union and Quachita Parishes in the past and could continue to do so.
Seven letters in support of Brown's application were filed with the Commission prior to the hearing by various oil and gas-related firms in the area Brown serviced. The letters generally stated that Brown's services in the past had been highly satisfactory, that the services were presently necessary and vital to the industry in that area, and that the need for those services was growing due to the increased drilling activities. Max Parker, a production superintendent for Mid-Louisiana Gas, testified that there was a need for Brown's services in the area and that he felt that his business would be hurt and that he might experience some delays if Brown was denied authorization. Robert Freeman, president of Freeman Chemical and Concrete Company, also testified as to the need for Brown's services and stated that his business could possibly be inconvenienced or delayed if Brown was denied certification. Both witnesses testified to an increased need for such services in the future with the drilling of more wells in the area and that there was a need for both Dreher's and Brown's services in the two parishes. There was further testimony suggesting that, because of Brown's business location on the border of Union and Ouachita Parishes, he was able to service drilling sites in the two parishes more economically and efficiently than Dreher, whose base of operation was located in Bastrop in Morehouse Parish.
The district court properly stated the standard for judicial review of an order by the Commission granting a certificate of public convenience and necessity. Upon review, we find that the record contains sufficient evidence upon which the Commission could have reasonably concluded that there had been a clear showing that the public convenience and necessity would be materially promoted by granting a certificate to Brown. Clearly, the action of the Commission was not arbitrary and capricious.

DECREE
For the reasons assigned, the judgment appealed from upholding the Louisiana *1268 Public Service Commission's grant of a certificate of public convenience and necessity to Loyd Brown, d/b/a/ Brown's Vacuum Truck Service, is affirmed.
NOTES
[1] La.R.S. 45:1192 provides:

If any of the persons, mentioned in R.S. 45:1191, or other party in interest, shall be dissatisfied with any order entered by the commission, adopting, fixing, changing, altering, or modifying, any rate, classification, rule, charge, or general regulation, the dissatisfied person may, within three months after the order made by the commission becomes effective, file in a court at the domicile of the commission, a petition setting forth the particular cause of objection to the order or regulation of the commission complained of. All such cases shall be tried in the same manner as civil cases and shall be given precedence over all other civil cases in the court, and shall be heard and determined as speedily as possible. The court may affirm the order of the commission complained of, or it may change, modify, alter, or set it aside, as justice may require.
[2] La.Const. Art. 4, § 21(E) provides:

Appeal may be taken in the manner provided by law by any aggrieved party or intervenor to the district court of the domicile of the commission. A right of direct appeal from any judgment of the district court shall be allowed to the supreme court. These rights of appeal shall extend to any action by the commission, including but not limited to action taken by the commission or by a public utility under the provisions of Subparagraph (3) of Paragraph (D) of this Section.