433 So.2d 120 (1983)
Lloyd FLORANE
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 83-CA-0152.
Supreme Court of Louisiana.
May 23, 1983.
Rehearing Denied June 24, 1983.
*121 Donald G. Kelly, Natchitoches, for plaintiff-appellant.
Claire M. Goldworthy, East Baton Rouge, for intervenor-appellee.
Marshall B. Brinkley, Louisiana Public Service Com'n, Baton Rouge, for defendant-appellee.
*122 MARCUS, Justice.
This case involves the Louisiana Public Service Commission's grant of a certificate of public convenience and necessity to Hubert A. Andries and Tommy J. Andries, d/b/a Andries Industries, authorizing them to transport homes, house boats and barges, office buildings and storage tanks over irregular routes within Sabine, Natchitoches, DeSoto, and Vernon Parishes.
An application for the aforesaid certificate was filed by the Andrieses with the Commission on August 10, 1981. After publication of notice for hearing by the Commission, an opposition and protest was filed by Lloyd Florane, d/b/a Florane House Movers, who had been granted a similar certificate for a fifty mile radius of Coushatta (located in Red River Parish) which includes, in addition to Red River Parish, Natchitoches, Sabine, DeSoto, and the "biggest portions" of Caddo, Bossier, Webster, and Bienville Parishes. A hearing was held before an examiner on December 15, 1981. The application was considered at an open session of the Commission held December 21, 1981. The Commission found that in view of the evidence present in the record, "the public convenience and necessity require, and would be materially promoted by the granting of the authority sought." Accordingly, the application was approved conditioned upon the grantee's compliance with the "laws and rules and regulations of the Commission bearing thereon." The order of the Commission was dated January 4, 1982. Florane's application for rehearing was denied.
After the order became effective, Florane, pursuant to La.R.S. 45:1192,[1] filed a petition in the district court setting forth its cause of objection to the order of the Commission. The petition alleged that the decision of the Commission was arbitrary and capricious and that no showing was made that the public convenience and necessity would be materially promoted by the granting of this certificate. The Commission answered generally denying the allegations of the petition. The Andrieses intervened uniting with the Commission in resisting Florane's action. After a hearing, the district judge affirmed the order of the Commission. Florane appealed to this court pursuant to La. Const. Art. 4, § 21(E).[2]
On appeal to this court, Florane contends the Commission erred in granting a certificate to the Andrieses without any proof that the public convenience and necessity would be materially promoted thereby.
La.R.S. 45:164 provides in pertinent part:
No motor carrier shall operate as a common carrier without first having obtained from the commission a certificate of public convenience and necessity, which shall be issued only after a written application made and filed, a public hearing, due notice given to applicant and all competing common carriers, and a finding by the commission that public convenience and necessity require the issuance of a certificate. No new or additional certificate shall be granted over a route where there *123 is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby.
The principles are well settled for judicial review of Commission orders granting certificates of public convenience and necessity under this provision. The applicant has the burden of clearly showing that the public convenience and necessity would be materially promoted by the issuance of a certificate to it. Dreher Contracting & Equipment Rental, Inc. v. Louisiana Public Service Commission, 396 So.2d 1265 (La. 1981); Truck Service, Inc. v. Louisiana Public Service Commission, 263 La. 588, 268 So.2d 666 (1972). The orders of the Commission and of other administrative bodies exercising discretionary authority are accorded great weight and will not be overturned in the absence of a showing that the administrative action is arbitrary and capricious. Dreher Contracting & Equipment Rental, Inc. v. Louisiana Public Service Commission, supra; Truck Service, Inc. v. Louisiana Public Service Commission, supra; Hearin Tank Lines, Inc. v. Louisiana Public Service Commission, 247 La. 826, 174 So.2d 644 (1965). A ruling of the Commission may not be deemed arbitrary unless it is shown that it is not supported by some factual evidence. Dreher Contracting & Equipment Rental, Inc. v. Louisiana Public Service Commission, supra; Beauregard Electric Cooperative, Inc. v. Louisiana Public Service Commission, 378 So.2d 404 (La. 1979); B & M Trucking, Inc. v. Louisiana Public Service Commission, 353 So.2d 1323 (La.1977). In other words, upon judicial review a court will not upset orders such as the one in this case unless after looking at the evidence it concludes that the Commission could not have reasonably concluded that there had been a clear showing that the public convenience and necessity would be materially promoted thereby, and that the Commission's action was therefore arbitrary and capricious and a clear abuse of its power. Dreher Contracting & Equipment Rental, Inc. v. Louisiana Public Service Commission, supra; B & M Trucking, Inc. v. Louisiana Public Service Commission, supra.
Public convenience and necessity are not, and were not intended to be, susceptible of precise definition. Rather, what constitutes public convenience and necessity must have reference to the facts and circumstances of each given case as it arises. 60 C.J.S. Motor Vehicles § 90(1) (1969).
House moving, a business of operating motor vehicles as common or contract carriers of property for compensation upon public highways and bridges of this state is a business "affected with a public interest." La.R.S. 45:161. As such, the "commission has power and authority necessary to supervise, govern, regulate and control ... and to fix reasonable and just rates ... or charges for ... services rendered...." La.R.S. 45:163. As a result of a general order of the Commission, all rates and charges of common carriers are fixed and regulated by the Commission.[3] The objectives of regulatory rates charged are to (1) protect the consumer, (2) protect the common carrier and (3) conform with the overall public interest. F. Welch, Cases and Text on Public Utility Regulation (1968). Thus, the public is secured adequate service at reasonable rates and in return the common carrier is granted authority to operate in a given territory. However, according to the Commission, in the case of house movers, "no tariff need be filed and certificated carriers have been able to compete on an individual job." The Commissioner states that to its knowledge, it is the only regulated transportation which historically has been exempted from "some specific tariff filing." The Commission does prescribe a minimum rate,[4] but since the nature of the move, distance involved and labor required varies from job to job "no realistic tariff is possible." The legal effect of regulation is primarily to require identification, registration, and financial responsibility under La. *124 R.S. 45:163. Where, as here, the rates and charges of a business are not regulated, the need for competition (to insure reasonable rates to the consumer) should be considered in determining whether the public convenience and necessity would be materially promoted by the granting of a new or additional certificate. Thus, in the instant case, we must review the record to determine whether there is some evidence that the public convenience and necessity would be materially promoted by the issuance of a certificate to the Andrieses.
Hubert A. Andries, who lived in Many (Sabine Parish), had been involved in house moving in the parishes of Sabine (85% of his business), Natchitoches (5%), DeSoto (5%), and Vernon (5%) since 1971 without having obtained a certificate.[5] The Andrieses did not do much work in the latter three parishes because "the road time of moving to and from those places and bringing a crew in and out just runs too much." The Andrieses' equipment included two tandem-axle trucks and one single-axle truck. Florane, who lived in Coushatta (Red River Parish) was issued a certificate "before 1950" for a fifty mile radius of Coushatta. This includes the parishes of Red River, Natchitoches, Sabine, DeSoto, and the "biggest portions" of Caddo, Bossier, Webster, and Bienville Parishes. Florane's equipment included five "big" trucks, of which four were licensed.
Mr. Andries testified and also presented two witnesses. In 1971, Andries tried to get two houses of his moved. He called the father of T.B. Porter (certificated house mover in Leesville (Vernon Parish)) and Florane but was "unable to get a satisfactory situation." Reasoning that there were no house movers within thirty to forty miles of Many, he got into the business. Since then he has been stopped several times for moving houses which did not belong to him. After his last stop, when he was fined $250, he decided to apply for a certificate for the parishes of Sabine, Natchitoches, DeSoto, and Vernon. All of these parishes are close to Many and contiguous to Sabine Parish. With the exception of Natchitoches, all of the parishes border the Toledo Bend Lake which is where Andries does a lot of business. In addition, it should be pointed out that many parts of Natchitoches are closer to Many than any of the other house mover's bases of operation. David Crittendon, assistant director at the Sabine Valley Vocational Technical School, tried to get a house moved in "1971 or 1972" but was unable to do so. He stated that "Porter was tied up at that time to where it was going to be a very long time before he could get to it.... I could not get hold of Mr. Florane." In 1981, Andries moved a house for Crittendon and "did a very good job." When asked if he would recommend Andries, Crittendon answered "Yes." James Alvis Brumley, Jr., Sheriff of Sabine Parish, stated that he got numerous calls from people asking him how they could get their houses moved. Brumley also stated that he had seen Andries' work and that "he [Andries] did a good job." When asked whether he would use Andries, the Sheriff answered yes because Andries was not only local (and a voter) but also because of the expenses involved: "I don't see where they [the competitors] could beat him on a bid."
Florane also presented evidence at the hearing. Three of his witnesses were certificated house movers, who revealed that they had done some business in the four parish area (Sabine, Natchitoches, DeSoto, and Vernon). However, these movers were not based in Sabine Parish. In fact, only one (Porter) was based in a parish (Vernon) in which the Andrieses sought the certificate. Two other witnesses testified as to the good work Florane had done. Florane and his son testified generally that they could adequately service the fifty mile radius of Coushatta.
Upon review of the record, we find some evidence to support the need for a local house mover in Sabine Parish. Moreover, the inclusion of the contiguous parishes of Natchitoches, DeSoto and Vernon was not unreasonable considering the nature of *125 the business. Hence, we conclude that the Commission could have reasonably concluded that there was a clear showing that the public convenience and necessity would be materially promoted by granting a certificate to the Andrieses, particularly when considering the need for competition in a business where the rates and charges are unregulated. Clearly, the action of the Commission was not arbitrary and capricious.

DECREE
For the reasons assigned, the judgment of the district court affirming the order of the Louisiana Public Service Commission granting a certificate of public convenience and necessity to Hubert A. Andries and Tommy J. Andries, d/b/a Andries Industries, to operate a common carrier is affirmed.
WATSON, J., dissents, being of the opinion that the applicant for the permit failed completely to make the required proof.
NOTES
[1] La.R.S. 45:1192 provides:

If any of the persons, mentioned in R.S. 45:1191, or other party in interest, shall be dissatisfied with any order entered by the commission, adopting, fixing, changing, altering, or modifying, any rate, classification, rule, charge, or general regulation, the dissatisfied person may, within three months after the order made by the commission becomes effective, file in a court at the domicile of the commission, a petition setting forth the particular cause of objection to the order or regulation of the commission complained of. All such cases shall be tried in the same manner as civil cases and shall be given precedence over all other civil cases in the court, and shall be heard and determined as speedily as possible. The court may affirm the order of the commission complained of, or it may change, modify, alter, or set it aside, as justice may require.
[2] La. Const. Art. 4, § 21(E) provides:

Appeal may be taken in the manner provided by law by any aggrieved party or intervenor to the district court of the domicile of the commission. A right of direct appeal from any judgment of the district court shall be allowed to the supreme court. These rights of appeal shall extend to any action by the commission, including but not limited to action taken by the commission or by a public utility under the provisions of Subparagraph (3) of Paragraph (D) of this Section.
[3] Louisiana Public Service Commission, General Order No. 2, dated July 1, 1921.
[4] Louisiana Public Service Commission, Order No. 10459, dated June 29, 1970.
[5] There is no need for a certificate if a person moves his own house.