PER CURIAM.

Intervention of Ergon Trucking Company

This is an appeal by an intervenor-oppo-nent from the district court’s judgment affirming the public service commission issuance of an enlarged certificate of public convenience and necessity to an applicant motor carrier.
The applicant, Ergon Trucking, Inc., was previously authorized to operate as a contract motor carrier and applied to the commission for a broader certificate as a common carrier of crude oil, condensates and fuel oils; cement, fly ash and mineral filler and materials and supplies used in, or in connection with, the discovery, development or production of natural gas and petroleum and their products and by-products. M & G Fleet Service, Inc., appellant in this court, and several other common carriers of various commodities in question protested and argued that the authorization requested by Ergon would conflict with their existing certificates to haul cement, fly ash, materials and supplies used in, or in connection with the discovery, development or production of natural gas and petroleum and their products and by-products and mineral filler. Despite their protests, the commission issued an amended certificate to Ergon authorizing it to operate as a common carrier of all commodities applied for.
The applicant has the burden of clearly showing that public convenience and necessity would be materially promoted by the issuance of a certificate to it. La.R.S. 45:164; M & G Fleet, Inc. v. Louisiana Public Service Commission, 443 So.2d 574 (La.1983) (Intervention of Material Delivery Service, Inc.). A court will not upset the agency’s determination of such a showing unless it is based on an error of law or is one which the commission could not have found reasonably from the evidence. Id.
In the present case the applicant carrier presented one shipper witness who supported its application to ship fly ash. This witness did not testify to any facts which demonstrated that a public need or convenience would be promoted by applicant’s service, cited no instance of service failure by existing carriers and conceded that other existing certificated carriers were available to supplement his needs when the carriers he customarily used were unavailable.
Three witnesses testified in favor of granting Ergon’s request to haul cement. Two of these witnesses admitted that they had experienced no service problems in dealing with existing certificated carriers. The third witness claimed that he had lost business once because Ergon was unable to service him. However, on cross-examination he said that he had not contacted other carriers holding certificates. The witnesses’ testimony does not reasonably suggest that public convenience and necessity would be materially promoted by authorizing Ergon to transport cement as a common carrier.
Similarly, since Ergon failed to present any evidence relating to its application to ship mineral filler we find no reasonable support for the commission’s issuance of Ergon’s certificate to haul that commodity.
While Ergon’s application to carry commodities in connection with discovery, development or production of natural gas and petroleum was supported by numerous witnesses, none of them testified to any facts which showed that the public necessity and convenience would be promoted by authorizing Ergon to transport the products in question. These witnesses were Ergon’s present or past contract customers, some of whom testified that Ergon should be given a common carrier certificate to prevent it from going out of business in the state. They did not testify that existing common carrier service for the products in question is inadequate or that the convenience of such service would be enhanced by granting Ergon’s certificate. The consensus of the testimony indicated that the *579 sole basis of their support stemmed from their desire to have Ergon available if their need for carrier service should increase in the future. Even so, none of them testified that they could not conveniently obtain necessary carrier service from other common or contract carriers.
In our opinion, this evidence does not supply a reasonable basis for a finding that issuance of the certificate would materially promote public convenience and necessity. The consensus of the witnesses testimony expressed a personal preference for Ergon as a contract carrier, but it fails to demonstrate any way in which the public convenience and necessity would be enhanced by adding Ergon as a common carrier because other existing carriers are already providing service that is adequate.
Accordingly, the judgment of the district court and the commission’s ruling are reversed as to all commodities in question.
REVERSED.