PER CURIAM.

Intervention of Haggard Transportation, Inc.

This is an appeal by an applicant motor carrier from a district court reversal of a public service commission ruling granting the carrier an additional certificate of public convenience and necessity to haul lime, fly ash and mineral filler over the opposition of other carriers with similar existing certificates. We affirm. The applicant has the burden of clearly showing that the public convenience and necessity ' would be materially promoted by the issuance of a certificate to it. La.R.S. 45:164; M & G Fleet, Inc. v. Louisiana Public Service Commission, 443 So.2d 574 (La.1983) (Intervention of Material Delivery Service, Inc.) A court will not upset the commission’s determination of such a showing unless it is based on an error of law or is one which the commission could not have found reasonably from the evidence. Id. In the present case, there is no reasonable basis in the record for the commission’s finding that the applicant carrier had shown that the public convenience and necessity would be promoted by the issuance of a certificate to it. Although the carrier presented two shipper witnesses in support of its application, these witnesses failed to testify to any facts upon which the commission reasonably could base its determination. One witness expressed a desire to have the applicant available as a carrier of lime; another supported the application to haul fly ash but only stated in eoncluso-ry fashion that the addition of a certificated carrier would improve carrier service. One witness was unaware of a number of carriers already authorized to transport the products in question; the other witness had used only one carrier when he had access to a list of several certificated transporters. Neither witness cited a single instance in which the service provided by the existing certificated carriers had been inadequate or offered any reason why service would be improved by the issuance of a new certificate.
AFFIRMED.