450 So.2d 1303 (1984)
SCOTTY'S VACUUM SERVICE, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 83-CA-2362.
Supreme Court of Louisiana.
May 14, 1984.
Rehearings Denied June 14, 1984.
*1304 Marshall B. Brinkley, Baton Rouge, for defendant-appellee.
Frank T. Salter, Jr., Salter, Street & Hale, Lake Charles, for intervenor-appellant.
Charles Ryan, Janet Boles Chambers, Boles & Mounger, Baton Rouge, for plaintiff-appellant.
DENNIS, Justice.
This is an appeal by an applicant motor carrier from the district court's judgment reversing a public service commission order granting the carrier an additional certificate of public convenience and necessity to haul non-hazardous waste products. The certificate had been granted despite the opposition of other carriers with similar existing certificates. We affirm. The applicant has the burden of clearly showing that the public convenience and necessity would be materially promoted by the issuance to it of a certificate. La.R.S. 45:164; M & G Fleet, Inc. v. Louisiana Public Service Commission, 443 So.2d 574 (La.1983) (Intervention of Material Delivery Service, Inc.) A court will not upset the commission's determination of such a showing unless it is based on an error of law or one which the commission could not have found reasonably from the evidence. Id. In the present case, there is no reasonable basis in the record for the commission's finding that the applicant carrier had shown that the public convenience and necessity would be materially promoted by the issuance of a certificate to it. Although the carrier presented two shipper witnesses in support of its application, these witnesses failed to testify to any facts upon which the commission reasonably could base its determination. These witnesses conceded that adequate service had been provided by the existing certificated carriers. They failed to cite any instance in which the existing service had fallen below the standard reasonably required for public convenience and necessity. In essence, they merely testified that, if certificated, the applicant would provide excellent service. This alone is not a sufficient basis from which a reasonable fact finder could determine that the public convenience and necessity would be materially promoted by issuance of a certificate, especially in view of the other undisputed evidence. Opposition witnesses testified without dispute that existing certificated carriers had 165 trucks available for service in the area involved and that only 25-40% were being utilized at the time.
AFFIRMED.
WATSON, J., dissents and assigns reasons.
LEMMON, J., dissents.
CALOGERO, J., dissents for the reasons assigned by WATSON, J.
WATSON, Justice, dissenting.
The majority overlooks the fact that the applicant, Washington Trucking and Transportation Company, Inc. (Hydrovac), has been operating as an oil field waste hauling common carrier since August 24, 1981, under a lease from another carrier, which was cancelled.
According to Edwin Scott Henry, he prefers Washington because it gives excellent and dependable service, and he has "been dependent on them for a while now" (Tr. 61). Andy Glen Stanley also testified that he had used Washington for two years and the company gave excellent service with a good attitude. He would like to continue using their services because "they know all the wells real good and you get other companies that don't know the wells" (Tr. 70). Hydrovac is not a new company, but an existing company which has been fulfilling a need. Some of the opponents to Hydrovac's certification, such as Wilson Well Service of Many, Louisiana, are not in a position to adequately serve the area which Hydrovac has been serving within a one *1305 hundred mile radius of Lake Charles, Louisiana.
The trial court and majority fail to give any deference to the expertise of the Commission in determining that Hydrovac serves an existing need. There is a reasonable basis for the Commission's finding that Hydrovac's certification would promote the public convenience and necessity. It is obvious that a company which has been operating successfully for a period of two years is serving the public convenience or it would not have remained in business.
I respectfully dissent.