483 So.2d 141 (1986)
KEN-GO SERVICES, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 85-CA-1959.
Supreme Court of Louisiana.
February 24, 1986.
Dissenting Opinion February 26, 1986.
*142 Janet S. Boles, Monroe, for appellee-plaintiff.
Broderick C. DeJean, Opelousas, Frank T. Salter, Lake Charles, for intervenor-appellant.
Marshall B. Brinkley, Baton Rouge, for defendant-appellant.
BLANCHE, Justice.
This case involves the Louisiana Public Service Commission's grant of a certificate of public convenience and necessity to Washington Trucking and Transportation, Inc., d/b/a Hydrovac. The certificate authorizes the transportation of non-hazardous waste products, including but not limited to, water base mud, oil base mud, rig wash, and salt water from the exploration for, production of, and for refining of oil, gas and other minerals extracted from land and/or water within a sixty (60) mile radius of Lake Charles, Louisiana. After considering the testimony presented at a public hearing before a hearing officer the Commission determined that "the public convenience and necessity requires and would be materially promoted by the granting of the certificate."
The district court for the 19th Judicial District, Parish of East Baton Rouge, reversed the decision of the Commission. From reading the trial judge's reasons for judgment it appears that the district court judge felt that the Commission acted arbitrarily in issuing the certificate in light of the present depression in oilfield drilling operations.
The Louisiana Public Service Commission and Washington Trucking and Transportation, Inc. have appealed to this Court pursuant to La.Const. Art. 4, § 21(E) which provides "a right of direct appeal from any judgment of the district court ... relating to any action taken by the commission."
La.R.S. 45:164 provides in part that "no new or additional certificates shall be granted over a route where there is an existing certificate unless it be clearly shown that the public convenience and necessity would be materially promoted thereby." Public convenience and necessity are not suspectable of precise definition. Florane v. Louisiana Public Service Commission, 433 So.2d 120 (La.1983); 60 C.J.S. Motor Vehicles § 90(1) (1969). Rather, that which constitutes public convenience must be determined on a case by case basis. Florane, supra.
When the Commission determines that it is in the public interest to issue a certificate, that decision is to be accorded great weight and will not be overturned absent a showing that the administrative action was arbitrary and capricious. South Arkansas Vacuum Service of Louisiana, Inc. v. Louisiana Public Service Commission, 457 So.2d 655 (La.1984); Truck Service, Inc. v. Louisiana Public Service Commission, 263 La. 588, 268 So.2d 666 (1972). A Commission's order is arbitrary *143 and capricious only when the record does not and could not reasonably support its finding. Southern Arkansas Vacuum Service of Louisiana, Inc., supra; M & G Fleet Service, Inc. v. Louisiana Public Service Commission, 443 So.2d 579 (La. 1983).
A comprehensive review of the testimony presented at the hearing is necessary in order to determine whether the Commission acted arbitrarily and capriciously in issuing the certificate. Scott Washington, part owner of Hydrovac, was the first witness to testify. He stated that he began operating a truck under a lease with American Vacuum Service in August of 1980. Approximately 18 months later his lease was terminated for an alleged lack of work. After unsuccessfully attempting to enter into a lease agreement with other carriers, Washington, on behalf of Hydrovac, applied for a certificate to haul both new materials to the well and waste material from the well within a one hundred (100) mile radius of Lake Charles, Louisiana. The Commission issued the certificate but was reversed by the district court. This court affirmed the reversal concluding that testimony that the applicant would provide adequate service was not sufficient standing alone to justify the issuance of a new certificate. Scotty's Vacuum Service, Inc. v. Louisiana Public Service Commission, 450 So.2d 1303 (La. 1984). Before the judgment of this Court had become final, the Commission granted the certificate at issue in this case which allows Hydrovac to haul waste material from well sites within a sixty (60) mile radius of Lake Charles, Louisiana.
At the hearing conducted for the purpose of considering this application, Washington testified that he had developed a method of reclaiming the oil contained in the waste material. Washington was of the opinion that in order to successfully extract the oil from the waste one must possess specialized equipment and expertise not only in the salvaging process itself, but also in the removal of the waste from the pit, tank, or oil spill. Once the waste has been gathered into the vacuum truck, it is then hauled to the reclamation facility. At the reclamation facility the process of separating the oil from the waste is undertaken. The oil is returned into the stream of commerce and the balance of the waste is disposed. In one year alone Washington returned 15,000 barrels of oil into the stream of commerce. Washington testified that much of the waste does not contain a sufficient quantity of oil to economically justify the separation unless Hydrovac is allowed to charge for the transportation of the waste to the reclamation facility.
Larry Miller, the general manager of Marco Oil, Inc., was the second person to testify at the hearing. Marco is also engaged in the oil reclamation business. Although Marco occasionally is in need of vacuum truck services, it does not own its own truck. Miller stated that the cost of the equipment needed to provide for its own vacuum service needs would be too expensive to justify such an investment in light of Marco's infrequent need for vacuum truck services. As a result, when Marco is in need of hauling it calls on Hydrovac. Miller testified that Hydrovac's employees have the expertise in oil recovery that a typical vacuum truck driver often does not have. Furthermore, Hydrovac owns the specialized equipment needed to test the waste in the pit and remove it for salvaging. While Miller acknowledged that the vacuum services provided by other carriers were adequate, he felt that they lacked the expertise needed to provide the special services required to make salvage operations successful.
John Baker, president of Sollay Baker Foundation Drilling, Inc., testified that he uses Hydrovac to haul away drilling fluids used in the process of speciality type construction work. He stated that Hydrovac provided reliable and dependable services to satisfy his needs. Baker also gave examples of isolated instances in which he was unable to obtain trucks from other carriers. David Tadlock of Tadlock Oil Properties also testified that on some occasions he was unable to obtain vacuum *144 trucks from other carriers. Tadlock expressed satisfaction with the services provided by Hydrovac.
Taylor and Taylor Production Services uses Hydrovac to haul salt water away from the well, to clean pits, and to clean tanks. Vicki Taylor testified that Hydrovac provides dependable and reliable vacuum truck services. On the other hand, Vicki expressed some dissatisfaction with other carriers because of the inexperience of its drivers and the unreliability of their services.
Eight certified vacuum truck carriers[1] were present in opposition to this application at the public hearing. Each carrier testified that the trucking business is in a depressed economy due to the state of the oil industry. Furthermore, each carrier acknowledged that revenues have declined over the past year and that they presently have equipment standing idle due to a lack of work. The only carrier who testified that it owned the equipment needed to test waste for the presence of reclaimable oil was Glenn Stout of Louisiana Tank, Inc. Of the eight carriers who testified, only Roy Young, Inc. has hauled oilfield waste to a reclamation facility.
A review of the record illustrates that the Public Service Commission did not act arbitrarily or capriciously in issuing a certificate to Washington Trucking and Transportation, Inc., d/b/a Hydrovac. Given the specialized nature of "for hire transportation" provided by Hydrovac, the record contained sufficient facts to support the Commission's finding that the issuance of a certificate to Hydrovac would promote the public convenience and necessity.
In recognition of the need to protect our environment from contamination and the desirability of utilizing our natural resources to their maximum extent, the Louisiana Legislature enacted the Louisiana Environmental Quality Act. LSA-R.S. 30:1051 et seq. In a statement of general policy the Louisiana Legislature declared that:
"It is necessary and desirable for the protection of the public welfare and property of the people of Louisiana that there be maintained at all times, both now and in the future, clean air and water resources, preservation of the scenic beauty and ecological regimen of certain free flowing streams, and strictly enforced programs for the safe and sanitary disposal of solid waste, for the management of hazardous waste, for the control of hazards due to natural man-made radiation, considering sound policies regarding employment and economic development in Louisiana." LSA-R.S. 30:1052(2).
The legislative branch of government further declared in the Louisiana Solid Waste Management and Resources Recovery Law, which forms a part of the Louisiana Environmental Quality Act, that:
"... the disposal and utilization of solid waste is a matter of vital concern to all citizens of this state, and that the safety and welfare of the people of Louisiana require efficient and reasonable regulation of solid waste disposal practices as well as a coordinated statewide resource recovery and management program (emphasis added)." LSA-R.S. 30:1122.
In light of these general policy statements, it was reasonable for the Commission to conclude that the expertise possessed by Hydrovac in the transportation of waste should be utilized for the "public convenience and necessity." The record establishes that Hydrovac possesses unique talents and knowledge which contribute to the successful recovery of salvage oil. By maximizing the removal of the oil from the waste Hydrovac contributes to maximum resource utilization and the achievement of a cleaner environment.

*145 DECREE
For these reasons the order issued by the Public Service Commission is reinstated.
REVERSED AND REINSTATED.
LEMMON, J., concurs.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent. The majority has seriously deviated from its proper role of judicial review of an administrative agency's decision by: (1) trying an administrative agency case de novo in this court on grounds different from those pleaded and contested below and under newly created judicial law of which the parties had no notice before today; (2) attempting to supply a finding of facts from the evidence and a reasoned basis for the commission's action that the commission has not found or given. See Save Ourselves v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1160 (La.1984), Giallanza v. LPSC, 412 So.2d 1369 (La.1982); Securities and Exchange Com'n v. Chenery Corp., 318 U.S. 80, 95, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943) ("an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained"); (3) creating judicially a vague, amorphous "environmental" exception to the statutory requirement of a clear showing that public convenience and necessity will be materially promoteda judicially created exception that will inevitably swallow the rule of legislated law.
NOTES
[1] The following carriers testified in opposition to the application: Kim Young of Roy Young, Inc.; Ira Vinson of Big Diamond Truck Service; Warren Broussard of Ken-Go Services, Inc.; Glenn Stout of Louisiana Tank, Inc.; William Cook, Jr. of Scotty's Vacuum Service; Dan Guillory, Jr. of Guillory Tank Truck Service; Ron Griffin of American Vacuum; and John E. Prejean of Prudhomme Truck Tank Service, Inc.