DENNIS, Justice.
This is an appeal by Student Movers Inc., complaining of the district court’s reversal of a Louisiana Public Service Commission order that granted Student Movers the authority to transport furniture, furnishings, and household goods statewide from Baton Rouge, Louisiana. The certificate was granted over the opposition of eight other carriers that were previously authorized to perform such intrastate services. We affirm.
*935 Because the Commission previously had issued certificates to conduct the same operations to other common carriers, Student Movers, as an applicant for an additional certificate, had the burden of showing clearly that the public convenience and necessity would be materially promoted by its issuance. La.R.S. 45:164. This is a heavy burden. To prove merely that the proposed operation will serve public convenience and necessity, the applicant must show that it will serve a useful public purpose, responsive to a public demand or need; that this purpose cannot or will not be served as well by existing lines or carriers; that it can be served by applicant with the new operation or service proposed without endangering or impairing the operations of existing carriers contrary to the public interest; and that it can be served by the applicant without undue jeopardy to highway users or to the structure and safety of the roads. Miller Transporters Inc. v. Louisiana Public Service Commission, 518 So.2d 1018, 1019 (La.1988). See also, CTS Enterprises, Inc. v. Louisiana Public Service Commission, 540 So.2d 275 (La.1989); Pan-American Bus Lines Operation, 1 M.C.C. 190 (1936); J. Guandolo, Transportation Law (1965); 60 C.J.S. Motor Vehicles § 90(2) (1966); P. Dempsey, Entry Control Under the Interstate Commerce Act: A Comparative Analysis of the Statutory Criteria Governing Entry in Transportation, 13 Wake Forest L.Rev. 729 (1977); G. Chandler, Convenience and Necessity: Motor Carrier Licensing by the Interstate Commerce Commission, 28 Ohio St. L. J. 379 (1967); E. Hutchinson and G. Chandler, Evidence in Motor Carrier Application Cases, 11 Vand.L.Rev. 1053 (1958); Comment, Public Convenience and Necessity in Federal Motor Carrier Cases — What are the Criteria?, 16 S.D.L. Rev. 351 (1971). To show clearly that the new operation not only will serve but also will materially promote public convenience and necessity requires even stronger proof.
At the Commission hearing Student Movers presented the testimony of three shipper witnesses in support of its application. Each of these witnesses testified that he or she had used Student Movers to move office furniture and equipment in Baton Rouge. All were very satisfied with the service, testifying that they considered it “excellent.” However, only one anticipated the need to call on Student Movers for intrastate moving operations outside the Baton Rouge area, and that witness would only require occasional transportation of computer equipment, once or twice a month. The president of Student Movers testified that he had received over 100 calls inquiring about intrastate service over a three to four month period. He admitted, however, that he did not know to what extent the needs of the persons who called had been ultimately supplied by previously authorized carriers. In fact, none of Student Movers’ witnesses were able to testify that the operations or services of the existing carriers were inadequate in any respect.
On the other hand, eight existing certificated carriers opposed the application. All of these carriers presented similar testimony. Each carrier is equipped and available to handle any intrastate move out of the Baton Rouge area, each has witnessed an overall drop in revenues in the moving industry and each has underutilized equipment. Every one of these carriers contended that it could definitely use additional business because intrastate moves have decreased dramatically. They asserted, that most of the existing carriers are relying on moves out of the state to stay afloat.
The Commission granted Student Movers’ application. Being dissatisfied with the Commission’s order, the protesting carriers filed a petition objecting to it in the district court. La.R.S. 45:1192. Finding that the evidence was insufficient to warrant issuance of the certificate, the district court set aside the Commission’s order. An appeal of right was taken directly to this court by Student Movers. La. Const. 1974 Art. 4, § 21(E).
Applying the foregoing legal precepts to the present case, we conclude that the district court’s decision is correct and should be affirmed. Where it cannot be demonstrated that the existing carriers are *936 unable or unwilling to satisfy the reasonable transportation requirements of the shipping public, existing carriers are ordinarily entitled to handle all traffic which they can transport adequately, efficiently, and economically within the scope of their respective operating authorities before a new competitive operation may be authorized. CTS Enterprises, supra at 280; South Arkansas Vacuum Service v. Louisiana Public Service Commission, 457 So.2d 655, 659 (La.1984); Gulf Coast Pre-Mix Trucking, Inc. v. Louisiana Public Service Commission, 336 So.2d 849, 855 (La.1976); Dempsey, supra at 742. In the absence of a clear showing that available motor carrier services are materially inadequate in some significant respect, it is not in the public interest to authorize entry of a competitive newcomer into the field. La. R.S. 45:161, 45:164; See also, Chandler Trailer Convoy, Inc. Extension—Otero County, Colo., 83 M.C.C. 577, 580 (1960); Dempsey, supra; Guandolo, supra; P. Dempsey and W. Thoms, Law and Economic Regulation in Transportation (1986). The record in this case is totally devoid of any evidence that the intrastate moving services provided by the existing carriers is materially inadequate or that Student Movers offers anything in the way of transportation services that is not already abundantly available, and in fact underutilized, over the lines of the existing carriers. Consequently, the evidence does not support a reasonable finding that Student Movers carried its burden of showing clearly that public convenience and necessity would be materially promoted by granting it an additional certificate. Hence, we conclude that the Commission acted unreasonably and arbitrarily in granting Student Movers’ application.
The judgment of the district court is affirmed and all costs are charged to the appellees.
AFFIRMED.
WATSON, J., dissents.