553 So.2d 431 (1989)
BIG DIAMOND TRUCK SERVICE, INC., et al
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 89-CA-1397.
Supreme Court of Louisiana.
December 11, 1989.
On Rehearing January 18, 1990.
*432 Janet S. Boles, Boles, Boles & Ryan, Baton Rouge, for plaintiff-appellant.
Robert L. Rieger, Jr., Baton Rouge, for defendant-appellant.
J.B. Jones, Jr., Jones, Jones & Alexander, Cameron, Dennis J. Hauge, and John W. Barton, Jr., Breazeale, Sachse & Wilson, Baton Rouge, for intervenor-appellant.
CALOGERO, Justice.
In these reciprocal appeals by the common carrier applicant Roy Bailey Construction, Inc. and the Louisiana Public Service Commission on the one hand, and Big Diamond Truck Service, Inc. and additional opponents on the other, we review a district court judgment partially favorable and partially unfavorable to Bailey regarding certification of public convenience and necessity granted by the Louisiana Public Service Commission. For the reasons which follow, we conclude that the Commission had no reasonable basis for granting Bailey certificates of public convenience and necessity authorizing either transportation of oilfield waste, or general oilfield hauling.
Roy Bailey Construction, Inc. applied to the Louisiana Public Service Commission for common carrier certificates authorizing transportation of 1) oilfield waste including salt water,[1] and 2) general oilfield hauling including hot shot services, each over irregular routes, statewide. The case was heard by an examiner on May 23, 1988, during which hearing Bailey agreed to an amendment to its application which restricted against the transportation of hazardous wastes.
Bailey's application was opposed by numerous competing carriers with existing certificates. However, the Commission approved Bailey's applications finding that they materially promoted the public convenience and necessity. Louisiana Public Service Commission Order No. T-17917, June 14, 1988. Big Diamond Truck Services, Inc. and other common carrier oilfield haulers and common carriers of oilfield waste appealed the Commission's order, and Bailey intervened. The Nineteenth Judicial District Court remanded to the Commission for written reasons for its order. After receiving and reviewing the Commission's reasons, the district court judge found that the public convenience and necessity would be materially promoted by granting Bailey authority for transporting oilfield waste. However, the court held that not enough evidence was presented to show a need for the certificate for general oilfield hauling authority and reversed the Commission's order in this respect. Big Diamond and other carriers with existing certificates appealed to this Court that portion of the judgment affirming the Commission's grant of a certificate for transportation of oilfield wastes; the Commission and Bailey appealed that portion of the judgment reversing the Commission's grant of a certificate for general oilfield hauling. La.Const.Art. 4 § 21(E).
Louisiana law provides that a motor carrier may not operate as a common carrier without obtaining from the Commission a ruling or order that public convenience and necessity require the issuance of a certificate. Additionally, if a new or additional certificate is to be granted to a carrier over a route where an existing certificate already exists, then the applicant must clearly show that the public convenience and necessity would be materially promoted thereby. La.R.S. 45:164.
In several recent decisions, this Court has addressed the principles of "public convenience and necessity" as well as the burdens of proof and standard of review in these matters. See Louisiana Tank Truck Carriers, Inc. v. Louisiana Public Service Commission, 549 So.2d 850 (La. 1989); A-1 Moving & Storage, Inc. v. Louisiana Public Service Commission, 548 So.2d 934 (La.1989); CTS Enterprises v. Louisiana Public Service Commission, 540 So.2d 275 (La.1989); Miller Transporters, Inc. v. Louisiana Public Service Commission, 518 So.2d 1018 (La.1988). Although not defined by statute, several criteria have been established jurisprudentially *433 regarding public convenience and necessity: whether the new service will serve a useful public purpose; whether that purpose cannot or will not be served by other existing carriers; whether the applicant's service will hurt the operations of existing carriers; and whether the applicant's service will endanger highway users or the safety of the roads. Louisiana Tank Truck, 549 So.2d at 854-55; A-1 Moving & Storage, 548 So.2d at 935; CTS, 540 So.2d at 281; Miller, 518 So.2d at 1020. In weighing these criteria, the Commission must balance the improvement which the new service will provide with the cost of making the improvement. CTS, 540 So.2d at 281; Miller, 518 So.2d at 1019. Furthermore, "public convenience and necessity" refers to the entire public affected by the new certificate rather than to an individual or number of individuals. Louisiana Tank Truck, 549 So.2d at 854; Miller, 518 So.2d at 1019.
The applicant in an area already serviced by certificated carriers bears a heavy burden, that of proving that the public convenience and necessity will be materially promoted by the issuance of a certificate. And he must meet that burden by proving specific facts rather than making general conclusory statements. La.R.S. 45:164; Louisiana Tank Truck, 549 So.2d at 853-54; CTS, 540 So.2d at 280-81; Miller, 518 So.2d at 1020; Scotty's Vacuum, Service, Inc. v. Louisiana Public Service Commission, 450 So.2d 1303 (La.1984); Florane v. Louisiana Public Service Commission, 433 So.2d 120 (La.1983). On review, a court will not upset the Commission's issuance of a certificate unless it was based on an error of law or unless the Commission's finding was not reasonably based on the evidence. Louisiana Tank Truck, 549 So.2d at 853; CTS, 540 So.2d at 277-78; Miller, 518 So.2d at 1020. Therefore, in considering the case before us, we will determine whether the Commission, on the evidence before it, could reasonably have decided that the grant of Bailey's certificates for general oilfield hauling and for transporting oilfield wastes was in the public interest, and whether the district court erred either in affirming the grant of authority for transporting oilfield waste or in reversing the grant for general oilfield hauling.
In order to prove public convenience and necessity, Bailey had to prove that his certification would serve a useful public purpose; that that purpose could not or would not be served by other existing carriers; that his operation would not hurt the operations of other carriers; and that his service would not endanger highway users or the safety of the road. Furthermore, he had to prove these criteria for each certificate he sought from the Commission.
At the hearing, Bailey attempted to prove that his new service in hauling saltwater and other oilfield wastes would serve a useful public purpose that could not be served by other existing carriers. He testified, as did his six shipper witnesses, that no carrier with a terminal in Cameron Parish was authorized to transport oilfield waste. Therefore, grant of authority to Bailey would serve a useful public purpose in two ways: his trucks operating out of Creole, Louisiana would be closer to the oil wells in lower Cameron Parish in case of an emergency, and his service, based nearby, would reduce transportation costs.
Robert Mudd and Lee Harrison testified that they believed that Bailey's service would be less expensive since other carriers had to come from Lake Charles and Abbeville. John Crain testified that although drilling for new wells had decreased, some needs for vacuum trucks in the parish had increased, because drillers were working old wells which produced more salt water than new wells. However, no witness offered any figures showing mileage and costs comparing Bailey's proposed service with existing services. All witnesses agreed that Cameron Parish had no disposal sites, so that Bailey's trucks would have to go to Belle City or Mermentau to dispose of the salt water and other wastes, and several shippers admitted to knowing of vacuum truck carriers located in Cameron Parish. Competing carriers testified that since Bailey's service would be subject to the same portal-to-portal rates to which they were subject, and since he would have to go out of parish to dispose of the waste, Bailey's trucks, though based in Cameron Parish, would not offer shippers a savings. Although several of Bailey's witnesses testified that it "would be nice" to have a certified vacuum carrier nearby in case of emergency, no one testified that any previous emergency had arisen in which transportation service for oilfield waste could not be obtained. Furthermore, John Crain admitted that in emergencies even an uncertified carrier could be called.
*434 Bailey in several respects did not carry his burden of proving that his service would meet a special need of the shippers or the changing character of the shippers' needs. First, the general, self-serving statements offered by his witnesses were not sufficient. Second, even if testimony had been sufficient to prove the need for a vacuum carrier based in Cameron Parish for adequately and safely serving shippers in that parish, Bailey's application for service was not limited to Cameron Parish. Bailey applied for authorization for transportation of oilfield waste statewide. As noted earlier, the "public convenience and necessity" referred to is the entire public affected by a service. Whereas Bailey lacked specific facts needed to prove that he would serve a useful public purpose within Cameron Parish, he offered no proof at all regarding the need for his service throughout the state. Furthermore, the required showing Bailey must make becomes more stringent the greater his potential effect on the market place. CTS, 540 So.2d at 283. Although Bailey testified that he was only interested in providing full service to his current customers rather than expanding to other areas of the state, his application must nonetheless be judged on the basis of the scope of the statewide authority he seeks.
Nor did Bailey affirmatively demonstrate that existing carriers could not or would not serve the same purpose in a reasonably satisfactory manner. Robert Mudd, of Mars Service, a non-hazardous waste disposal site and offshore boat cleaning operation in Cameron and Cankton, testified that he sometimes was unable to get the vacuum trucks he needed, that trucks often had to come from as far away as Abbeville, a two hour trip, and that Big Diamond out of Lake Charles had refused him service because he was competing against that company in the boat cleaning business. However, he also admitted that sometimes carriers out of Lake Charles had been able to serve him adequately and that he presently was being serviced by Bourque's out of Abbeville. He noted that trucks cost him $53 per hour, that these costs were substantial when figured on the two hour trip between Cameron and Abbeville, and that either he must absorb the costs or pass them on to the oil company. Although he surmised that Bailey's service operating out of Creole would result in a cost savings, he gave no estimate of what those costs would be since Bailey would still have to leave Cameron Parish to dispose of the wastes. Furthermore, he had never called any carriers to ascertain if they would be willing to locate a truck at his facility.
Other carrier witnesses testified that they would use or recommend using Bailey should he be certified because he was nearby and had given them good service in the past, but that their previous service from other carriers had been satisfactory. Shipper preference, however, is not a consideration in applying for certification and is not a substitute for proving inadequacy of existing services. Louisiana Tank Truck, 549 So.2d at 854. Furthermore, Bailey's shipper witnesses testified that they had not consulted the Commission to find other available carriers, and representatives of Big Diamond Trucking, Scotty's Vacuum Service, and Bourque Vacuum Service all testified that they were willing to station a vacuum truck in Cameron Parish to transport oilfield waste if the demand should arise.
Bailey did not introduce any evidence to prove that his new certification as a statewide vacuum carrier of oilfield waste would not negatively affect existing carriers. On the other hand, Lester Goss, William Cook, Donna Denmon, Kenneth Bourque, and Dan Guillory representing existing carriers with vacuum authority, all testified that their businesses were depressed, that large portions of their equipment were idle, and that certification of a new carrier would cause further damage to businesses already suffering through the on-going slump in the oil industry. In fact, Roy Bailey, himself the major shareholder in Roy Bailey Construction, Inc., confessed that his interest in diversifying beyond his current business of constructing oilfield roads and hauling sand, shell, and heavy equipment was to better utilize his own equipment to survive the oil crisis.
To prove that his certification would not endanger highway users or the safety of the roads, Bailey offered the testimony of James Savoie, Sheriff of Cameron Parish, who attested to Bailey's reputation for honesty, diligence, and good service, and noted that Bailey's trucks always obeyed the speed limits.
Bailey failed to introduce sufficient facts to prove that his service would serve a useful public purpose that could not or would not be served by already existing *435 carriers, and he offered no proof that he would serve a useful public purpose in the state beyond Cameron Parish or that his certification would not damage the business of existing carriers. Therefore, we conclude that the Commission could not reasonably have determined that there was a clear showing that the public convenience and necessity would be materially promoted by granting a certificate to Bailey for transporting oilfield waste.
As for Bailey's request for certification for general oilfield hauling, we agree with the trial court that not enough evidence was presented to show a need for this license since only one shipper, Lee Harrison, even mentioned the need for oilfield hauling, while two already certified oilfield haulers, Johnny Mere and Charles McDaniels, testified that their terminals were located in Cameron Parish, and that their businesses were already operating at less than full capacity. Therefore, we affirm the district court's decision to deny Bailey a license for general oilfield hauling.

DECREE
For the foregoing reasons, the judgment of the district court insofar as it reversed the Louisiana Public Service Commission's order granting authority for transporting oilfield waste including salt water, is affirmed; the Louisiana Public Service Commission's order granting authority for general oilfield hauling and the district court's judgment insofar as it affirmed that order are reversed.
DISTRICT COURT JUDGMENT AFFIRMED IN PART; REVERSED IN PART.
WATSON, J., dissents since the unique situation of Cameron Parish fully justifies granting the permit.

ON REHEARING
PER CURIAM.
Big Diamond Truck Service, et al., has filed application for rehearing and pointed out an error in this Court's decree. We therefore grant the rehearing application and enter a substitute decree.
The opinion proper concludes that the applicant, Roy Bailey Construction, Inc., is not entitled to either of the common carrier certificates which it sought: 1) transportation of oilfield waste, including salt water; and 2) general oilfield hauling, statewide. Since the district court affirmed the commission's grant of authority for hauling oilfield waste, our decree should have reversed that part of the district court's judgment, and since the district court denied certification for general oilfield hauling, we should have affirmed that portion of the judgment. Accordingly, the following decree is substituted for that in the opinion on original hearing.

DECREE
Judgment of the district court insofar as it affirmed the Louisiana Public Service Commission's grant of authority for transporting oilfield waste including salt water, and the Commission's order in this regard, are reversed; the judgment of the district court insofar as it reversed the Louisiana Public Service Commission's order granting authority for general oilfield hauling, is affirmed.
DISTRICT COURT JUDGMENT REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] The Commission also referred to this as one for vacuum truck service or vacuum authority.