WATSON, Justice,
dissenting.
Orders of the Public Service Commission are presumed to be legal and can be overturned only upon proof that the Commission’s action was arbitrary and capricious. Louisiana Oil. Car. Ass’n, Inc. v. Louisiana P.S. Com’n, 281 So.2d 698 (La.1973). A Commission ruling in regard to a certificate of public convenience and necessity is not arbitrary if it is reasonably supported by the evidence. Florane v. Louisiana Public Service Com’n, 433 So.2d 120 (La.1983); Ken-Go Services, Inc. v. Louisiana Public Service Commission, 483 So.2d 141 (La.1986).
The Commission’s order should be upheld if there is evidence that unrestricting TLC’s permit would promote public convenience and necessity. M & G Fleet Serv. v. La. Pub. Serv. Com’n, 443 So.2d 577 (La.1983). There was ample evidence that public convenience would be served by removing the restriction on TLC’s authority. Since TLC’s use of shorter trailers would be a public convenience, the necessity of an unrestricted authority is the crux of the parties’ dispute.
There is no precise definition of public convenience and necessity: the phrase is interpreted on a case-by-ease basis. L & B Transport v. Louisiana PSC, 602 So.2d 712 (La.1992). Necessary does not mean indispensable. Miller Transporters, Inc. v. Louisiana Public Service Commission, 518 So.2d 1018 (La.1988).
The general testimony was that TLC will continue to serve the same customers more efficiently. It was not proven that the more convenient service TLC could provide its customers without the size restrictions would impair the operations or profits of the other carriers. Contrary, conclusory, self-serving statements do not constitute proof. See CTS Enterprises v. Public Service Com’n, 540 So.2d 275 (La.1989).
In reviewing a Commission order, “a court should not substitute its judgment for that of the commission. Standard Oil Co. v. Louisiana Public Service Commission, 154 La. 557, 97 So. 859; Interstate Commerce Commission v. Union Pacific Railroad Co., 222 U.S. 541, 32 S.Ct. 108, 56 L.Ed. 308.” Yazoo M. V. R. Co. v. Louisiana Public Service Com’n, 170 La. 441, 128 So. 39, 41 (1930). Aso see White v. Louisiana Public Service Commission, 259 La. 363, 250 So.2d 368 (1971).
In removing the restriction, the Commission stated:
[TLC] merely seeks to be authorized to utilize more efficient equipment to exercise the certificate of public convenience and necessity he currently possesses. A number of witnesses testified that the utilization of shorter trailers or equipment would be in the public interest by minimizing congestion on the highways. We are convinced that the public will be given the benefit of the most economic and efficient means of transportation without discrimination against other legitimate forms of transportation if this application is granted, and we find that the proof is more than *1268 adequate in this case that the grant of the application meets the criteria of policy set forth in Louisiana Revised Statutes 45:161 respecting the interest of the public, and minimizing undue wear, inconvenience to other highway users, congestion on the highways, and operations detrimental to the general welfare.
In view of the evidence present in the record after the hearing in the matter, the Commission finds that the public convenience and necessity require, and would be materially promoted by the granting of the authority sought.
While there was limited evidence of necessity, there was also a minimal showing that removal of TLC’s equipment restrictions would impact its competitors. Considering the public interest in smaller trucks on the highways and the minor nature of the restrictions, the Commission was not arbitrary in removing the trailer size restrictions from TLC’s certificate.
There was no error of law in the Commission’s order. It was supported by factual evidence. Neither this Court nor the trial courts are authorized to substitute their judgment of what serves the public convenience and necessity for the determinations of the Commission. Since the Commission’s order was not arbitrary and capricious, the trial court erred in vacating the order.
I respectfully dissent.