| ] KIMBALL, Justice,
concurring in part and dissenting in part.
I agree with the majority’s determination that, although it presents a close case, the Public Service Commission did not act arbitrarily or capriciously when it granted the restricted common carrier certificate to Easley. However, I disagree with the majority’s holding that the PSC did not act arbitrarily or capriciously in granting the certificate to Perez.
The record evidence in this case cannot reasonably support the PSC’s conclusion regarding Perez; therefore, in my view, it was an arbitrary and capricious decision. See Ken-Go Serv., Inc. v. Louisiana Pub. Serv. Comm’n, 483 So.2d 141, 142-43 (La.1986) (“A Commission’s order is arbitrary and capricious only when the record does not and could not reasonably support its finding.”). Even assuming for the sake of argument that Perez satisfied the first ele *552 ment of the first prong of the PC & N test, that his proposed operation will service a useful public purpose for which there is a public need or demand, the record is completely devoid of evidence proving the second element, that existing carriers cannot and will not serve this public purpose as well Perez. Although it is true we stated in Louisiana Household Goods Carriers v. Louisiana Pub. Serv. Comrn’n, 99-3184 (La.6/30/00), 762 So.2d 1081 (“Pontchartrain”) that “it is unnecessary and overly burdensome to require shipper testimony of specific examples of failed service to establish the inadequacy of existing service” when other testimony establishes that existing carriers are unable or unwilling to satisfy the reasonable transportation requirements of the shipping public, the record in this case does not establish that the existing carriers cannot satisfy the demands of the public. The fact that Perez turned down fifty-five calls for moves over a three-month period, an unknown number of which were unregulated, does not prove that existing carriers could not and would not make these moves. Likewise, Ms. Parmelee’s testimony, that she could possibly use Perez to move her employees, does not prove inadequacy in the service provided by existing carriers. In fact, it does not even address whether the existing carriers can and will move the public. Perez’s final witness, Ms. Swanberg, testified that she was unable to find a carrier on Friday for a Saturday move. In my view, this does not establish that the existing carriers cannot meet the shipping public’s demands because it is not reasonable to expect any shipper to be able to make a move on no more than one day’s notice. Unlike the situation presented in Powtchartrain, where the Protestants themselves admitted near 100 to 100 percent utilization and other testimony established that existing carriers could not or would not satisfy the reasonable transportation requirements of the public, the Protestant testimony in this case cannot reasonably be interpreted to establish a near 100 to 100 percent utilization rate and there exists no other evidence that the existing carriers cannot or will not satisfy the needs of the public. Therefore, I believe the second element of the first prong of the PC & N test has not been established.
Because the record in this case is completely devoid of evidence that Perez |c.b ore his burden of proof, I must conclude that the PSC acted arbitrarily and capriciously in granting the restricted common carrier certificate to Perez. Accordingly, I respectfully dissent from that portion of the majority’s decision which affirms the PSC’s decision on this issue.